SARTAIN, Judge.
We granted writs in this matter to review the trial judge’s decision to stay a wife’s claim for accumulated alimony rendered pursuant to a rule in the husband’s suit for a divorce pending an adjudication on the husband’s alleged claim that his marriage to relatrix was a nullity.
In order to more readily understand the issues we will briefly recite the chronology of events leading up to the instant matter:
On March 6, 1968, Homer Q. Appleby (respondent) filed a petition for a separation from Catherine Devito Appleby (re-latrix), a copy of which was served on an attorney purportedly representing her. On March 8, 1968 an answer was filed on re-latrix’s behalf and judgment was rendered in favor of respondent on March 15, 1968.
On September 3, 1969 relatrix endeavored to file an amending answer and reconven-tional demand in her husband’s suit for a separation. Coupled with these pleadings was a rule for alimony pendente lite. Rela-trix, alleging that she was unaware of the previous judgment of separation obtained by respondent, filed a petition to set aside the judgment of separation on the grounds that she was not personally served. This petition for nullity was filed on October 1, 1969.
In the meantime, on September 17, 1969, respondent filed a petition for an absolute divorce on the grounds that a year had lapsed since the rendition of the judgment of separation from bed and board on March 15, 1968. To this petition for a divorce, relatrix filed an answer reurging the nullity of the judgment of separation and further caused a rule to issue directing the respondent to show cause why he should not pay relatrix alimony pendente lite for her maintenance and support.
On October 20, 1969 the rule issued in the divorce action was made absolute and respondent was condemned to pay relatrix alimony pendente lite in the amount of $250.00 per month, beginning November 1, 1969.
On January 7, 1970 relatrix filed a rule directed to respondent seeking to have accumulated alimony fixed in the amount of $750.00, to obtain an executory judgment therefor, and to have respondent held in contempt of court for his failure to comply with the judgment of October 20, 1969, ordering him to pay alimony pendente lite. This rule was heard on February 9, 1970 and the minutes of the court reflect that “evidence was partially introduced and the matter was passed without date by the court.”
Relatrix applied for the instant writ complaining that at the hearing on the rule on February 9, 1970, the trial judge over counsel’s objection permitted respondent to introduce testimony purporting to show that the marriage between himself and rela-trix was invalid. In her application for writs relatrix averred that respondent sought to have the alimony payments postponed until such time as a hearing could be held on an alleged suit to be instituted by respondent’s former wife seeking to nullify respondent’s marriage to relatrix. This request was undoubtedly granted and the rule, as the minutes show, was passed without date “by the Court”.
We granted alternative writs of mandamus, certiorari, and prohibition directing the trial judge to proceed with the rule and make executory the judgment for alimony previously issued; or, in the alternative, for the trial judge and respondent to show cause by briefs why the writs should not be made peremptory. We further directed *442 that the record of the proceedings complained of be forwarded to this court.
The trial judge elected the alternative which effected the writ. The record before us does not contain any testimony so the same was apparently not recorded. We are not favored with briefs from respondent pertaining either to relatrix’s application for or in response to the writ. The trial judge did not render oral or written reasons for judgment. Under these circumstances, we accept as true the facts as set forth above which are contained in rela-trix’s application and duly verified by her counsel. We further conclude that the suit by respondent’s former wife attacking his marriage to relatrix had not heretofore been filed because as of the date of the hearing on the rule now giving rise to this writ the alleged nullity suit was not offered in evidence or made a part of the record now before us.
As we discuss the merits'of relatrix’s complaints, we should bear in mind that on March 15, 1968 respondent obtained a judgment of separation from bed and board from relatrix. Over a year later, on September 17, 1969 respondent filed a petition for a divorce. It was to this petition for a divorce that relatrix obtained an order condemning respondent to pay to her as alimony pendente lite the sum of $250.00 per month. It is this particular order that formed the basis for the hearing on February 9, 1970. Throughout the entire period of litigation involving these parties, commencing with the separation suit in 1958 up to the instant rule on February 9, 1970, no pleadings appear of record suggesting the nullity of relatrix’s marriage to respondent. Accordingly, relatrix complains (1) that the trial judge erred in permitting evidence not germane to the contents of the rule or even in support of a defense that might have been urged by appropriate responsive pleadings on the part of respondent and (2) holding in abeyance relatrix’s right to alimony pendente lite during the existence of her marriage to respondent and particularly during the period pending a hearing on respondent’s petition for a divorce. However questionable respondent’s and relatrix’s marriage may be from a legal point of view, such an issue could not be injected without proper foundation during a hearing on relatrix’s claim for accumulated alimony.
In State v. Ponthieaux, 232 La. 121, 94 So.2d 3 (1957) it was recognized that a wife could proceed under the criminal statutes for non-support and compel her husband to support her even though he had instituted a suit for an annulment of the marriage. In the instant case relatrix’s position is even stronger because the alleged suit contesting her marriage to respondent should not be contingent upon the outcome of another action brought by another person.
A judgment for alimony, as to the amount that has become past due, is the property of him in whose favor it has been given and is protected against alteration or annulment except by the method and for cause prescribed by law. Pisciotto v. Cruda, 224 La. 862, 71 So.2d 226; Bell v. Bell, 225 So.2d 753 (4th La.App., 1969).
Under date of November 20, 1969 relatrix obtained an order for support for alimony pendente lite in the amount of $250.00 per month. She is entitled to the enforcement of this order pursuant to Article 3945 of the Code of Civil Procedure which states:
“When the payment of alimony under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due alimony determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of past due alimony.”
As held in Bell v. Bell, supra, and in Elchinger v. Elchinger, 181 So.2d 297 (4th La.App., 1965), writs refused, 248 La. 1098, 184 So.2d 23 (1966), the courts held that C.C.P. Article 3945 is not discretionary as it provides that, once the amount of past *443 due alimony is determined, the court shall render judgment for such amount.
Accordingly, for the above and foregoing reasons the writs previously issued herein are made peremptory and this matter is remanded to the trial court for the purpose of determining the amount of past due alimony owed to relatrix under the order of October 20, 1969 through and including the date of the hearing, decreeing the amount thereof, and granting relatrix executory judgment therefor, together with consideration on relatrix’s prayer to have respondent held in contempt of court for his failure to comply with the aforementioned alimony order. The cost of this writ is to be borne by respondent. All other costs are to abide a decision on the merits of respondent’s principal action for a divorce.
Writs made peremptory and remanded.