343 So.2d 267 (1977)
TELERENT LEASING CORPORATION
v.
R & P MOTELS, INC. t/a Admiral Benbow Inn.
No. 11146.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
Rehearing Denied March 21, 1977.
Charles S. McCowan, Jr., Baton Rouge, of counsel for plaintiff and defendant in intervention, Telerent Leasing Corp., appellant.
J. A. Delafield, Lake Charles, of counsel for defendant and plaintiff in intervention, William Gordon Hines, appellee.
Emmett E. Batson, Baton Rouge, of counsel for defendant R and P Motels, Inc., t/a Admiral Benbow Inn, appellee.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
This is a rule to show cause why the execution of a writ of sequestration should not be enjoined. The trial court granted the preliminary injunction as to some of the items sought to be sequestered, and denied it as to others. Telerent Leasing Corporation, who sought the writ of sequestration, has appealed.

*268 Three issues are before this court:
1. Did certain items become immovable by nature because of their incorporation into a building, and therefore not subject to sequestration?
2. Was the trial court correct in refusing to award plaintiff damages and attorney's fees for wrongful issuance of an injunction?
3. Is Civil Code Article 508 applicable?
We affirm in part, reverse in part, and render.
Plaintiff leased to R & P Motels, Inc., T/A Admiral Benbow Inn, 154 color televisions and pedestals, a Colorguard Theft Alarm System for each hotel room, and a public address and background music system for the hotel. Subsequently, defendant defaulted on its note to Baker Bank & Trust Co., the mortgagee, which provoked a foreclosure and bought the property at a sheriff's sale. It then sold the property to William Gordon Hines. When several rental payments were not made, plaintiff filed suit against its lessee for the rental and had a writ of sequestration issued directing the sheriff to seize the leased movables.
In his petition of intervention, Hines claims he acquired ownership of the Admiral Benbow Inn and the items in question by means of the recorded warranty deed since the items had become immovable by nature or by destination. He prayed for a temporary restraining order and a preliminary injunction to prevent the sequestration. The temporary restraining order was signed and the rule to show cause why a preliminary injunction should not issue was set.
Prior to the hearing on the rule, Telerent filed peremptory exceptions claiming the principal demand was based on a lease agreement to which intervenor was not a party, and therefore the intervention disclosed no right or cause of action.
The trial court overruled the exceptions, made the rule absolute to the extent that the seizure of the Colorguard Theft Alarm System, the public address system and the background music system was enjoined. The rule was vacated as to the televisions and pedestals. The plaintiff's claim for damages and attorney's fees was denied. Since intervenor has not appealed or answered the appeal, that portion of the judgment holding the television sets and pedestals subject to sequestration is final.
Intervenor alleges it accepted title to the Admiral Benbow Inn on the basis of facts reflected in the public records of East Baton Rouge Parish; he further asserts the plaintiff's lease can have no effect on third parties unless recorded, citing LSA-R.S. 9:2721, LSA-C.C. Art. 2266 and Industrial Outdoor Displays v. Reuter, 162 So.2d 160 (La.App. 4th Cir. 1964), writ refused 246 La. 348, 164 So.2d 352. Intervenor therefore asserts title free and clear of all unrecorded claims.
Since the above principles apply only to immovables, the threshold question is whether the leased items have become immovable by nature or destination. If so, then the items passed to intervenor by virtue of the warranty sale; if they remained movables, the property still belonged to Telerent and was subject to sequestration. See Bailey v. Kruithoff, 280 So.2d 262 (La. App. 2nd Cir. 1973).
Intervenor has agreed that these items could not have become immovable under Articles 467[1] or 468[2] of the Civil Code since *269 unity of ownership is required under these articles, which admittedly, does not exist. These leased items can become immovable only by application of Civil Code Article 464.[3] See Edwards v. S & R Gas Co., 73 So.2d 590 (La.App. 2nd Cir. 1954).
Intervenor contends that the Colorguard Theft Alarm System, the public address system and the background music system are "other constructions" under Article 464 and therefore have become immovable by nature.
The courts often mention three criteria in determining whether an object is "other construction" under Article 464. They are 1) size of the structure; 2) a certain degree of integration or attachment to the soil; and 3) some degree of permanency, the third of these being the most important.
Mr. Ralph Woodcock, a Telerent employee, who was accepted by the court as an expert in installation and removal of equipment leased by Telerent, testified that the leased property was installed in such a manner that it could be easily removed without defacement. He had removed items similar to those in dispute previously from other motels. The degree of permanency is therefore slight, and in our opinion, not sufficient to require the court to hold it "other construction."
Our jurisprudence has also recognized that component parts of other constructions may become immovable by nature. Industrial Outdoor Displays v. Reuter, supra. Plaintiff contends that the Colorguard Theft Alarm System, the background music system and the public address system are "other constructions" and the individual items its component parts. This argument falls by virtue of our finding that these systems were not "other constructions" within the meaning of Article 464. We believe these systems were made up of speakers, grills, transformers, microphones and other items that retained their integrity whether they were part of the system or not.
The parties have not argued the question of whether the wiring and cable inside the walls and ceiling should be subject to sequestration. The only references indicated it could be easily removed without causing any damage. We therefore believe it is movable and subject to sequestration.
Telerent claims they should be awarded damages and attorney's fees under LSA-C.C.P. Article 3608[4] for wrongful issuance of the temporary restraining order which prohibited the sequestration of the televisions and the pedestals. By use of the word "may," this article indicated that judicial discretion may be exercised in awarding damages for wrongful issuance of an injunction. This interpretation was approved in Amacker v. Amacker, 146 So.2d 672 (La. App. 1st Cir. 1962). There the court said: "use of the word `may' in each of the aforesaid instances clearly indicates that the award of such damages are left entirely to the discretion of the court in each individual case."
In its brief, intervenor claims ownership of the systems involved by virtue of *270 LSA-C.C. Article 508.[5] This issue was not raised in the lower court, and no evidence was heard concerning it. Therefore, we do not elect to consider it on appeal.
For the above and foregoing reasons, the judgment of the district court is reversed insofar as it issued a preliminary injunction enjoining the sequestration of the Colorguard Theft Alarm System and the background music and public address system. The injunction is dissolved and the rule vacated as to this property. In all other respects the judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[1] Art. 467. "Wire screens, water pipes, gas pipes, sewerage pipes, heating pipes, radiators, electric wires, electric and gas lighting fixtures, bathtubs, lavatories, closets, sinks, gasplants, meters and electric light plants, heating plants and furnaces, when actually connected with or attached to the building by the owner for the use or convenience of the building are immovable by their nature."
[2] Art. 468. "Things which the owner of a tract of land has placed upon it for its service and improvement are immovable by destination.

"Thus the following things are immovable by destination when they have been placed by the owner for the service and improvement of a tract of land, to wit:
"Cattle intended for cultivation. "Implements of husbandry. "Seeds, plants, fodder, and manure. "Pigeons in a pigeon house.
"Beehives.
"Mills, kettles, alembics, vats, and other machinery made use of in carrying on the plantation works.
"The utensils necessary for working cotton, and sawmills, taffia distilleries, sugar refineries and other manufactures.
"All such movables as the owner has attached permanently to the tenement or to the building, are likewise immovable by destination."
[3] Art. 464. "Lands and buildings or other constructions, whether they have their foundations in the soil or not, are immovable by their nature."
[4] Art. 3608. "The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or a preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits."
[5] Art. 508. "When plantations, constructions and works have been made by a third person, and with such person's own materials, the owner of the soil has a right to keep them or to compel this person to take away or demolish the same.

"If the owner requires the demolition of such works, they shall be demolished at the expense of the person who erected them, without any compensation; such person may even be sentenced to pay damages, if the case require it, for the prejudice which the owner of the soil may have sustained.
"If the owner keeps the works, he owes to the owner of the materials nothing but the reimbursement of their value and of the price of workmanship, without any regard to the greater or less value which the soil may have acquired thereby.
"Nevertheless, if the plantations, edifices or works have been made by a third person evicted, but not sentenced to make restitution of the fruits, because such person possessed bona fide, the owner shall not have a right to demand the demolition of the works, plantations or edifices, but he shall have his choice either to reimburse the value of the materials and the price of the workmanship, or to reimburse a sum equal to the enhanced value of the soil."