SCHOTT, Judge.
This appeal by Mr. Hotz is from a judgment on a rule brought by him in July, 1976, to suspend child support payments of $175 per month retroactive to August, 1975, and on a rule brought by appellee to make past due child support executory. The judgment appealed from denied appellant’s motion for a retroactive suspension and awarded a judgment to appellee, making child support payments executory from August, 1975, through July, 1976.
The only testimony at the trial of the rules was that of appellant. He said that continuing difficulties between him and ap-pellee culminated with a telephone conversation in August, 1975, in which the parties agreed that he would no longer exercise his visitation rights and he would no longer make child support payments.
The trial court in reasons for judgment expressed the opinion that the law precluded him from enforcing the agreement of the parties retroactive to the date of the agreement, but he allowed the agreement to be enforced retroactive to the date that appellant filed his rule.
*327 The general law emerging from the jurisprudence is to the effect that relief from liability for accrued alimony cannot be obtained except by an application to the court. Pisciotto v. Cruda, 224 La. 862, 71 So.2d 226 (1954); Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11 (1953); Collette v. Olivier, 309 So.2d 894 (La.App. 3rd Cir. 1975); Simon v. Calvert, 289 So.2d 567 (La.App. 3rd Cir. 1974); Rodriguez v. Rodriguez, 245 So.2d 765 (La.App. 4th Cir. 1971).
These cases and others stand for the proposition that no discretion is vested in the trial court to deny the wife to have past due alimony made executory and then converted into a money judgment since it is a vested property right. The trial court cannot consider equity for the purpose of nullifying or reducing accumulated alimony.
In his brief appellant relies on Caraway v. Caraway, 321 So.2d 405 (La.App. 2nd Cir. 1975) and Silas v. Silas, 300 So.2d 522 (La.App. 2nd Cir. 1974). In both of these cases an exception was made to the general rules recited above that where the wife voluntarily places the child in the custody of the husband for an extended period of time he is entitled to a credit for such period of time on any past due child support. Similarly, in Odum v. Odum, 273 So.2d 576 (La.App. 1st Cir. 1974) a credit was allowed the husband for checks he wrote directly to his daughter in accordance with an understanding reached between him and the mother. These exceptional circumstances are not applicable to the instant case. In the last cited cases the fathers in effect did support the children, in the Silas and Caraway cases by providing actual support during the period when they would otherwise have paid the mothers for the support of the children, and in the Odum case by paying the support directly to the child in lieu of sending the support to the mother in accordance with the agreement she made. But in the instant case the mother bore the full brunt of support for the child and there is no basis for making an exception to the general rule that she is now entitled to have past due child support payments made executory.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
REDMANN, J., dissents with written reasons.