407 So.2d 93 (1981)
Claude Eugene HENDERSHOT, Plaintiff-Respondent,
v.
Leecy Estelle Wynne HENDERSHOT, Defendant-Relator.
No. 14838.
Court of Appeal of Louisiana, Second Circuit.
December 16, 1981.
Evans, Feist, Auer & Thompson by Paul A. Strickland, Shreveport, for defendant-relator, Leecy Estelle Wynne Hendershot.
Charles E. McConnell & Associates by James S. Harris, Springhill, for plaintiff-respondent, Claude Eugene Hendershot.
Before PRICE, HALL and JASPER E. JONES, JJ.
PRICE, Judge.
Writs were granted in this nullity action to review the district court's order to stay further proceedings on a related rule to make past due alimony executory pending in a separate action.
On August 5, 1980, Leecy Estelle Hendershot filed a petition for divorce and permanent alimony against her non-resident husband. An attorney was appointed to represent Claude Eugene Hendershot in the divorce proceeding while personal jurisdiction for the alimony matter was garnered by use of the long arm statute. The appointed attorney filed an answer in the nature of a general denial on behalf of the non-resident defendant. On December 10, 1980, Leecy Hendershot was granted a judgment of divorce, with the matter of alimony being continued.
The judgment of divorce was amended and supplemented on April 28, 1981, to include an award of alimony in the amount of $350 per month, payable from the date of the original judgment. Claude Hendershot never personally appeared in this proceeding nor was a default judgment taken against him.
*94 On July 6, 1981, Mrs. Hendershot filed a rule to make past due alimony executory. While the rule was still pending, Mr. Hendershot filed this action seeking a nullification of that part of the divorce judgment which awarded Mrs. Hendershot alimony. He also filed a motion in the nullity action for a stay of the proceedings brought by Mrs. Hendershot to accrue past due alimony so that the validity of the alimony judgment could be determined preceding any enforcement thereof. After a hearing on the motion the trial court found that a genuine issue existed as to the validity of the alimony award and further determined that justice would best be served by issuance of the stay order. Judgment was rendered staying the alimony proceedings "until such time as the validity of the judgment rendered by the court in said proceeding on the 28th day of April, 1981, has been determined." On the application of Mrs. Hendershot, we granted alternative writs of prohibition, certiorari, and mandamus.
The jurisprudence has recognized that relief from liability for accrued alimony cannot be obtained except by the method and for the causes prescribed by law. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 266 (1954); Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11 (1953); Hotz v. Hotz, 346 So.2d 326 (La.App. 4th Cir. 1977), writ denied 349 So.2d 880; Appleby v. Appleby, 245 So.2d 440 (La.App. 1st Cir. 1970).
Under the date of April 28, 1981, Mrs. Hendershot obtained a judgment for permanent alimony in the amount of $350 per month. She is entitled to enforcement of this award pursuant to La.C.C.P. Article 3945, which states:
When the payment of alimony under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due alimony determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of past due alimony.
No discretion is vested in the trial court to deny a party the right to have past due alimony made executory and then converted into a money judgment because it is a vested property right. Pisciotto v. Crucia, supra; Sampognaro v. Sampognaro, supra; Hotz v. Hotz, supra; Appleby v. Appleby, supra. Since the trial court has no discretion in matters brought under La.C.C.P. Art. 3945, we find the order staying the rule to make past due alimony executory was improvidently granted.
We note the main thrust of the nullity action is that the alimony judgment is absolutely null for vices of form. La.C. C.P. Article 2002. The absolute nullity of a judgment may be adjudicated at any time and may be raised collaterally. Nethken v. Nethken, 307 So.2d 563 (La.1975). Thus, the absolute nullity of the alimony award for vices of form would be an available defense on the rule to make past due alimony executory. Furthermore, a judgment declaring alimony past due and executory may be subject to suspensive appeal. See Elchinger v. Elchinger, 181 So.2d 297 (La. App. 4th Cir. 1965), affirmed, 248 La. 1098, 184 So.2d 23; Lacour v. Lacour, 355 So.2d 1083 (La.App. 4th Cir. 1978). But compare Frederic v. Frederic, 302 So.2d 903 (La. 1974); La.C.C.P. Article 3943. There is also the availability of injunctive relief under appropriate circumstances.
For the above and foregoing reasons, the writs previously issued herein are made peremptory and the district court's order to stay the rule on past due alimony is set aside. The case is remanded to the Twenty-Sixth Judicial District Court for further proceedings. The cost of this writ is to be borne by Claude Hendershot. *401