428 So.2d 1336 (1983)
CONSULTANT SERVICE BROKERS, INC., Plaintiff-Appellee,
v.
HOUSING AUTHORITY OF the CITY OF ALEXANDRIA, Louisiana, et al., Defendant-Appellant.
No. 82-652.
Court of Appeal of Louisiana, Third Circuit.
March 9, 1983.
Gist, Methvin, Hughes & Munsterman, H.B. Gist, Jr. and Vivian Whittle, Garrett, Ryland & Nunnally, Charles F. Nunnally, Alexandria, for defendants-appellants.
Eugene P. Cicardo, Alexandria, for plaintiff-appellee.
Before FORET, CUTRER and KNOLL, JJ.
KNOLL, Judge.
This case comes before this court on appeal from a judgment denying appellant, the City of Alexandria, attorney's fees in connection with its motion to dissolve a temporary restraining order.
The facts of this case may be summarized as follows: On June 29, 1981, the Department of Housing and Urban Development approved the Alexandria Housing Authority's application to construct 100 units of public housing.
After due advertisement, four developers submitted seven construction proposals. The individual proposals were evaluated and on February 3, 1983, appellee, Consultant Service Brokers, Inc., was notified in writing that its proposal was being submitted to the City Council of Alexandria for approval. On February 12,1982, after lively discussion, the councilmen approved the building site proposed by appellee by a vote of 4-3. Following local approval, the proposal was submitted to the Department of Housing and Urban Development for its examination.
Compliance with zoning ordinances necessitated that the appellee's site be rezoned. The local zoning authority approved the land owner's rezoning application and forwarded it to the Alexandria City Council for final action. By a vote of 4-3 the council on April 27, 1982, denied appellee's request for rezoning.
On June 14, 1982, the Department of Housing and Urban Development notified the president of the Alexandria Housing Authority in writing that the entire proposal *1337 would have to be readvertised within a period of 15 days. This action was necessitated in part by the Alexandria City Council's denial of the rezoning application.
Appellee filed suit on June 22,1982, seeking a preliminary injunction and in due course a permanent injunction, restraining, enjoining, and prohibiting appellant from obtaining new proposals in the selection of new sites, design, development, and construction of the 100 housing units. A temporary restraining order was issued on June 22,1982, and the preliminary injunction was set for hearing on June 28, 1982.
On June 24,1982, appellant filed a rule to have the temporary restraining order dissolved, seeking damages and attorney's fees for the alleged wrongful issuance of the temporary restraining order. This rule was set for hearing on July 12, 1982.
At a hearing on appellee's rule held on June 28, 1982, the trial court set aside the temporary restraining order and denied appellee's motion for a preliminary injunction.
Appellant's rule set for July 12,1982, was continued to August 9, 1982. After a hearing on appellant's motion for dissolution of the temporary restraining order and award of attorney's fees, the trial court on August 23, 1982, denied the request for attorney's fees.
The primary issue raised on appeal is whether the trial court abused its discretion in refusing to award attorney's fees in connection with appellant's motion to dissolve the temporary restraining order.
Article 3608 of the Code of Civil Procedure controls the award of attorney's fees for the wrongful issuance of a temporary restraining order. This article provides:
"The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits."
The provisions of LSA-C.C.P. Art. 3608 treat the award of attorney's fees as a permissible element of damages. The article specifically provides "... may allow damages for the wrongful issuance of a temporary restraining order..." and that attorney's fees "may be included as an element of damages...." (emphasis provided). The article's wording in each case specifies that its application is not mandatory. The use of the word "may" in each instance affirms that the award of damages, including attorney's fees, is left to the discretion of the trial court. Amacker v. Amacker, 146 So.2d 672 (La.App. 1st Cir. 1962); Telerent Leasing Corp. v. R. & P. Motels, Inc., 343 So.2d 267 (La.App. 1st Cir.1977); Langevin v. Howard, 363 So.2d 1209 (La.App. 2nd Cir.1978).
The law is clear that the trial court is vested with much discretion in awarding attorney's fees for the dissolution of a temporary restraining order. Only in cases of clear abuse of its discretion will we interfere with the trial court's decision. Cook v. Ed Francis Chevrolet, Inc., 365 So.2d 1178 (La.App. 3rd Cir.1978). We find no abuse of the trial court's decision in the case at bar.
For the above reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
CUTRER, J., concurs with reasons.
CUTRER, Judge, concurring.
The hearing on the preliminary injunction was held on June 28, 1982. Judgment was signed dismissing the preliminary injunction and the temporary restraining order on July 1, 1982. The motion to dissolve was not heard until August 9, 1982. Judgment was signed denying attorney's fees on August 30, 1982.
This sequence of events reflects that the City is not entitled to attorney's fees. In the case of Goldberg v. Delerno, 225 La. *1338 568, 73 So.2d 464 (1954), the court held as follows:

"Attorney's fees are not allowed for the dissolution of a temporary restraining order where the expense of the attorney's fee is not incurred exclusively for dissolving the temporary order and since, in this case, the temporary restraining order was dissolved as a consequence of the rejection of the defendant's demand and the dismissal of his suit, attorney's fees are not allowable. Department of Conservation v. Reardon, 200 La. 491, 8 So.2d 353, and numerous authorities cited therein."

The trial court correctly disallowed the City's demand for attorney's fees.
For these reasons, I concur.