WATKINS, Judge.
We granted writs to review the propriety of the granting by the trial court of a stay of a rule for arrearages in permanent alimony filed by Mrs. Laura Mae Joseph Bar-anco pending a hearing of the rule filed by Dr. Beverly V. Baranco, her former husband, to terminate alimony retroactively.
The parties were divorced in 1976. A consent decree awarded Mrs. Baranco the sum of $400.00 per month. Both parties reserved the right to challenge the adequacy or inadequacy of the award, and also to raise the question of fault.
On October 8, 1980, the husband filed a rule to terminate alimony on the ground the wife was at fault. Attempt was made to serve citation upon Mrs. Baranco several times immediately thereafter, but evidently service of citation upon Mrs. Baranco was not made at that time, and in fact was not effected until October 11, 1983.
A hearing on the rule for arrearages filed by the wife and the rule to terminate alimony filed by the husband was held on October 6, 1983. Both parties stipulated that arrearages, if owed, came to $12,-000.00. The husband attempted by weak circumstantial evidence to prove that the wife had attempted to evade service of citation after the husband’s rule was first filed October 8, 1980. The trial court held the husband had failed to prove that the wife had evaded service of citation. We have read the entire record and agree that the contention was not proved.
Nevertheless, the trial court stayed the rule for arrearages until the rule to terminate alimony was tried. This was clearly improper. The right to alimony is a vested right, and no discretion is vested in the trial court to deny the right to have past due alimony made executory. Hendershot v. Hendershot, 407 So.2d 93 (La.App. 2d Cir.1981); see also LSA-C.C.P. art. 3945.
For the foregoing reasons, the writs previously issued herein are made peremptory and the trial court’s stay of the rule for arrearages filed by Laura Mae Joseph Bar- *182 anco is set aside. The trial court is directed to issue a judgment for arrearages forthwith. The cost of the writs shall be borne by Dr. Beverly V. Baranco.
WRITS MADE PEREMPTORY.