470 So.2d 449 (1985)
Judith Elaine Polk HENDRICK
v.
Rodney Douglas HENDRICK.
Judith Elaine Polk HENDRICK
v.
Rodney Douglas HENDRICK.
Judith Elaine Polk HENDRICK
v.
Rodney Douglas HENDRICK.
Nos. CA831275, CA840148 and CA840881.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*451 Sylvia Roberts, Baton Rouge, for plaintiff-appellee Judith Elaine Polk Hendrick.
*452 Alan S. Fishbein, Baton Rouge, for defendant-appellant Rodney Douglas Hendrick.
Before COLE, CARTER and LANIER, JJ.
COLE, Judge.
This matter is comprised of three appeals which have been consolidated for review. Each of these appeals involve a domestic case between the same parties: appellant, Rodney Douglas Hendrick, and appellee, Judith Elaine Polk Hendrick, who were formerly husband and wife. The various issues raised in these appeals concern child support and an injunction prohibiting the alienation of any former community property. The first of these appeals arose from the following facts.

CA 83 1275
On May 13, 1982 the parties obtained a legal separation based upon mutual fault. Mrs. Hendrick was granted permanent custody of the two minor children of the marriage and Mr. Hendrick was ordered to pay child support in the amount of $1,800 per month. On October 26, 1982 Mrs. Hendrick filed a petition for divorce based upon the parties living separate and apart for more than one year. A judgment of divorce was granted on April 28, 1983. This judgment included a joint custody plan whereby the minor daughter was to reside with Mrs. Hendrick, with an option to spend one week of each month with her father. The other minor child, a son, was to reside two weeks of every month with his father and spend the remainder of the time with his mother. The issue of child support was pretermitted at this time and a hearing to determine this issue was scheduled for May 26, 1983. At this hearing the court concluded Mr. Hendrick had proved only one significant change of circumstance, the fact the son would reside approximately half the time with his father. On June 30, 1983 the court accordingly rendered judgment reducing the child support from $1,800 to $1,500 per month.
Appellant assigns several errors in this appeal, but they can be summarized as raising two main points. First, he contends the court erred in requiring him to show a change in circumstances in order to receive a reduction in the amount of child support he must pay. Second, he contends the court erred in failing to consider the trust income received by the children.
Appellant contends the general rule in cases involving alimony and child support is that all matters decided incidental to a judgment of separation, such as alimony pendente lite and child support, are automatically terminated upon judgment of divorce. Therefore, he argues a litigant seeking a change in the amount of child support at the time of the divorce judgment should not be required to show a change in circumstances, but should simply prove anew the needs of the children and the ability of the parents to support the children.
In so arguing appellant has overlooked Lewis v. Lewis, 404 So.2d 1230 (La. 1981). In Lewis, the Supreme Court held although alimony pendente lite terminates automatically upon judgment of divorce, the obligation to support a child does not. The Lewis court overruled its prior opinions holding to the contrary. This holding was based upon the fact the parental obligation to support a child arises not from the fact of marriage but from the fact of paternity. Lewis, supra. Although the legal issue in Lewis was different from the one presented in the instant case, the implication as to the "change in circumstances" rule is clear. Since an award for child support does not terminate automatically upon the judgment of divorce, a party seeking a change at that time should therefore show a change of circumstances rather than seek a new determination from the court.[1]
*453 Appellant contends regardless of the jurisprudence requiring a showing of change in circumstances, he should be relieved of this requirement for another reason. The $1,800 per month child support ordered in the judgment of separation was apparently the result of an agreement between the parties. The judgment states "The amount of child support payable herein is set without prejudice to either party." Appellant argues, and counsel for each party agreed at the hearing, the initial determination was made with the understanding neither party would have to show a change in circumstances in order to have the amount altered.
The trial court rejected this argument and we agree. In Crum v. Crum, 330 So.2d 925 (La.App. 1st Cir.1976), the alimony consent decree reserved to each party, "the right to seek a change in alimony." The husband argued this language, which is quite similar to the language in the separation judgment in the case at hand, relieved him of the obligation to prove a change in circumstances in order to have the alimony reduced. The court rejected this argument, noting the language relied upon merely confirmed the already existing right of each party to seek adjustment by the court. The court stated, "Absent a clearly worded, express and unequivocal clause to the effect that the husband need not prove substantial change, this court is unwilling to hold that Mrs. Crum abandoned her rights."
In the present case there is no written evidence the parties agreed to waive the requirement of proof of a change of circumstances. Certainly we cannot say an alleged oral agreement is a "clearly worded, express and unequivocal clause...." We conclude appellant did not prove he should be exempted from the usual requirement of proving a change in circumstances. See also Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir.1982).
Having determined the court was correct in requiring appellant to prove a change in circumstances, does the evidence show he has in fact met this burden? The trial court concluded the only way in which the circumstances of the parties had changed significantly was that their son was now residing approximately half the time with his father. We agree this is a significant change in circumstances.
Appellant argues there has been another major change. At the time child support was initially set he was employed and was earning a salary of $3,000 a month, plus the use of an automobile. He testified he had earned $176,000 in 1981 and $155,000 in 1982. On the date of the hearing he was unemployed and was living primarily on money borrowed from a relative. Conversely, at the time child support was initially set Mrs. Hendrick was not employed, but at the time of the hearing she was earning $2,325.00 a month.
The trial court refused to consider the change in Mr. Hendrick's employment as a significant change of circumstances because Mr. Hendrick quit his job, as opposed to having been fired from it. The court cited Dugas v. Dugas, 374 So.2d 1278 (La. App. 3d Cir.1979) for the proposition that one cannot avoid his child support obligations on account of financial problems he has created himself.
We agree a person who voluntarily leaves gainful employment, without good reason, solely for the purpose of avoiding their alimentary obligations, is not entitled to a reduction. The trial court concluded Mr. Hendrick quit his job "... because of his own subjective feelings" and stated he "... created his own financial plight." We find this factual conclusion is clearly wrong.
Mr. Hendrick was employed as general manager at his father-in-law's automobile dealership. He and Mrs. Hendrick physically separated in October of 1981 and legally separated in May of 1982. Mr. Hendrick continued to work as the general manager even while living apart from his wife and testified this situation was extremely awkward. He and his father-in-law (who was active in the business) spoke only rarely. He learned at one point his *454 father-in-law was calling sales meetings with the sales staff and excluding Mr. Hendrick. In his own words, "The chain of command had broken down," due to conflicting instructions given by his father-in-law, as president and owner of the business, and from him, as the general manager. He stated the ultimate factor which caused his resignation was learning his estranged wife planned to begin working at the dealership in October of 1982. He felt it would be impossible to carry out his duties under those circumstances and that the place would go into "total chaos." He stated he suffered from headaches and high blood pressure due to the continuous stress.
After giving the matter much consideration, we agree it is not reasonable to expect a person to work under the circumstances as described in Mr. Hendrick's unrefuted testimony. He worked in a very strained atmosphere for almost one year and felt thwarted in his efforts to carry out his management responsibilities. Upon learning of his wife's plans to work under the same roof, he decided he had to resign. We do not characterize his voluntary resignation to be without good reason or to be motivated by an attempt to avoid his obligation to pay child support. He testified he has been actively seeking employment in both the automobile business and his other profession, entomology. As of the date of the hearing he had been unsuccessful in his efforts.
We conclude the quite drastic change in Mr. Hendrick's financial situation, as well as the significant change in Mrs. Hendrick's earnings, justify a further reduction in the child support payments.
Appellant argues further the court erred in failing to consider the children's income from their trust funds in setting the amount of child support. Pretermitting the substantive issue raised by this argument, we agree with the trial court Mr. Hendrick failed to show the existence of these trusts constituted a change of circumstances. It was apparent from trial testimony Mr. Hendrick was aware of the trust funds at the time he consented to pay $1,800 per month in child support. Since Mr. Hendrick has not proved any change of circumstances with respect to these trust funds, he is not entitled to a reduction on this basis. See Bradford v. Bradford, 393 So.2d 181 (La.App. 1st Cir.1980).
In light of the significant changes in circumstances which appellant has shown, we conclude he is entitled to a substantial reduction in the amount of child support. Although he was unemployed at the time of the hearing and had virtually no income, we note he had certain assets. When he left the matrimonial domicile he took with him a $80,000 bonus check and $10,000 from a savings account. He and his wife owned 25% interest in his father-in-law's business which was estimated to be worth approximately $1,434,727. Considering these significant assets as well as Mr. Hendrick's earning potential in the automobile industry or in entomology, we feel he had the capability to contribute to the support of his children in spite of his unemployment at the time of the hearing. Therefore we amend the judgment of the trial court, which ordered him to pay $1,500 per month child support, to the amount of $1,000 per month. This amount is based upon the joint custody plan whereby the minor son resides with his father approximately one-half the time.

CA 84 0148
The following events took place subsequent to the rendition of the judgment considered above and gave rise to the second appeal under review.
On September 27, 1983, Mr. Hendrick filed a rule seeking a termination of child support. On November 6, 1983, the court awarded provisional custody of the parties' son to Mr. Hendrick and ordered a temporary reduction of child support to $1,000 per month until a hearing was held on this matter. Mr. Hendrick subsequently filed a rule requesting child support from Mrs. Hendrick in the amount of $1,000 per month.
*455 On November 14, 1983, Mrs. Hendrick filed a petition with the court requesting an executory judgment for child support arrearages and also injunctive relief prohibiting Mr. Hendrick from harassing or threatening her or alienating any community property. The court ex parte granted a temporary restraining order (TRO) granting the relief requested by Mrs. Hendrick. Mr. Hendrick objected to the jurisdiction of the Family Court to issue such injunctive relief under the circumstances present and requested the dissolution of the TRO, as well as damages and attorney fees for its wrongful issuance. A joint hearing on all of these matters was held on November 22, 1983. The court thereafter rendered a judgment containing the following provisions.
1) Mr. Hendrick was granted a reduction in child support from $1,500 to $1,000 per month. This amount was for the support of the one child residing with Mrs. Hendrick.
2) Mr. Hendrick's request for child support was denied.
3) Judgment in favor of Mrs. Hendrick for $8,500 in child support arrearages was made executory.
4) Mrs. Hendrick's request for a preliminary injunction enjoining Mr. Hendrick from alienating any community assets was granted.
5) Mrs. Hendrick's request for a preliminary injunction enjoining Mr. Hendrick from harassing or threatening her was denied.
6) Mr. Hendrick's requests for dissolution of the TRO previously issued, damages and attorney fees were denied.
In this appeal Mr. Hendrick assigned error as to every element of the trial court's judgment, with the exception of the denial of Mrs. Hendrick's request for a preliminary injunction prohibiting threats and harassment. The issues raised with respect to child support will be considered first.
Mr. Hendrick maintains Mrs. Hendrick was not entitled to receive $1,000 per month in child support for the child living with her whereas, conversely, he should have been awarded this amount in child support. His argument is based on the parties' relative financial positions and the fact their son was residing with him full-time, rather than merely half the time as was formerly the case.
With respect to Mr. Hendrick's financial situation, he claimed he was unable to obtain employment, despite a diligent search, until approximately two weeks before the hearing. At that time he began working as a used car salesman on commission and, as of the date of the hearing, had earned approximately $400. Mrs. Hendrick's net salary from her employment was approximately $1,687 per month. Both parties claimed monthly expenses greatly in excess of their stated monthly incomes.
As was previously the case, the trial court concluded at this hearing Mr. Hendrick was responsible for his own financial difficulties, due to his voluntary resignation from his lucrative position. Thus, the trial court continued to hold Mr. Hendrick was not entitled to any relief on the basis of the drastic reduction in his salary. However, as discussed above, we disagree with this conclusion and find Mr. Hendrick's resignation was reasonable under the circumstances. Therefore, the trial court's judgment must be reviewed in this light in determining whether there has been any abuse of discretion.
Parents owe a mutual duty of support to their children. La.Civ.Code art. 227. If both are equally able to meet this duty, each bears an equal burden of support. Castille v. Buck, 411 So.2d 1156 (La.App. 1st Cir.1982).
In the present case each parent had one child of the marriage residing with him or her. Thus, each bore the same parental duties of caring for a child on a day-to-day basis. However, although we conclude both Mr. and Mrs. Hendrick had the ability and duty to contribute financial support to their two minor children, the trial court judgment placed an unequal burden *456 upon Mr. Hendrick. This judgment required him to be solely responsible for the support of the child residing with him, as well as paying a substantial amount of support for the child living with Mrs. Hendrick. There is no evidence indicating the expenses attributable to each of these two children were so disparate as to justify this result.
We find the parents' mutual duty of support will be best met in the instant case by requiring each parent to bear sole responsibility for the child living with him or her. Therefore, that portion of the trial court judgment ordering Mr. Hendrick to pay $1,000 per month in child support is reversed and it is ordered his obligation to pay child support is terminated. For the same reasons, that portion of the judgment denying Mr. Hendrick's request for child support is affirmed.
The final issue raised in this appeal with respect to child support is whether the trial court erred in granting Mrs. Hendrick an executory judgment for arrearages. We conclude the trial court properly granted this judgment. In fact, the trial court had no discretion to deny Mrs. Hendrick's request for an executory judgment. Once child support payments are proven to be in arrears, the trial court must grant an executory judgment for arrearages under La.Code Civ.P. art. 3945. Baranco v. Baranco, 452 So.2d 181 (La. App. 1st Cir.1984); Rivers v. Rivers, 402 So.2d 733 (La.App. 4th Cir.1981). Courts have no power to nullify or reduce accumulated alimony until the previous judgment awarding it is amended by a subsequent judgment or by operation of law. Rivers, supra.
Nevertheless, the judgment in question must be vacated and set aside in light of our opinion in CA 83 1275 with regard to the issue of child support. In Wasson v. Wasson, 439 So.2d 1208 (La. App. 1st Cir.1983), writ denied, 443 So.2d 592 (La.1983), this Court held the reversal or modification of a trial court judgment awarding child support is retroactive to the date of the trial court judgment. Since the trial court in the instant case awarded arrearages on the basis of an award which has now been amended, a serious discrepancy exists between the amount awarded and the actual amount due under our opinion in CA 83 1275. For these reasons, the portion of the trial court judgment awarding arrearages to Mrs. Hendrick is vacated and set aside. Since this Court has no information as to what amounts, if any, have been paid during the pendency of these appeals, we are unable to determine the amount of arrearages actually due. Accordingly, this matter is remanded to the trial court in order that it may calculate the amount of arrearages due in accordance with the opinions expressed herein.
Mr. Hendrick also raised several issues in this appeal relating to the injunction issued by the trial court, which prohibited him from alienating any former community property. The various arguments made by him raise two primary questions. One, did the Family Court have jurisdiction to issue such injunctive relief? Two, did La.Code Civ.P. art. 3944 authorize the issuance of an injunction subsequent to a judgment of divorce?
La.R.S. 13:1401 establishes the scope of jurisdiction of The Family Court for the Parish of East Baton Rouge. This provision confers jurisdiction upon The Family Court for:
"All actions for divorce, separation from bed and board ... alimony and support, custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property...." (Emphasis added.)
The injunction in question was apparently issued under the authority of La.Code Civ.P. art. 3944, which provides as follows:
"Either party to an action for separation from bed and board or divorce may obtain injunctive relief without bond prohibiting the other party from disposing of or encumbering community property." *457 It is not necessary for a party seeking an injunction under this provision to post bond or make a showing of irreparable harm.
Mr. Hendrick argues The Family Court lacked jurisdiction to issue injunctive relief in the present case because this relief was not requested until after a judgment of divorce had been rendered. He maintains the injunctive relief can not be considered incidental to a divorce action so as to confer jurisdiction upon The Family Court. However, in Carter v. Carter, 393 So.2d 214 (La.App. 1st Cir.1980), this court held to the contrary. In Carter, an ex-wife requested injunctive relief against her former husband enjoining him from taking certain actions with regard to former community property. The Family Court for the Parish of East Baton Rouge granted the relief sought. This court held the injunctive relief requested was a matter incidental to the divorce action instituted previously by the ex-wife and was properly granted under art. 3944.
Additional support for this position is also found in Davis v. Davis, 420 So.2d 432 (La.1982), although the issue present therein was somewhat different from that in the present case. In Davis the primary issue was whether a pre-separation injunction prohibiting the alienation of community property could be maintained after a separation judgment was rendered. Since a separation judgment effectuates only a de jure and not a de facto division of the community, the Supreme Court concluded the necessity for injunctive relief was the same before and after the judgment. On this basis, the Court held an injunction obtained under La.Civ.Code art. 149,[2] a provision seemingly applicable by its literal terms only "during a suit for separation," may be continued after the separation judgment until either: 1) a subsequent court order; or 2) the former community is inventoried or partitioned.
Under this rationale, we believe art. 3944 contemplates allowing injunctive relief as long as the necessity for it continues, regardless of whether it was requested prior to or after the judgment of divorce. There was a continuing necessity for injunctive relief in the present case, since the former community between the parties had apparently been neither inventoried nor partitioned. For these reasons, we reject Mr. Hendrick's contentions and conclude the injunction in question was properly issued.
However, Mr. Hendrick also argues the trial court erred in denying his request for damages and attorney's fees under La.Code Civ.P. art. 3608. This article provides a trial court may award damages and attorney's fees to a successful party on a motion to dissolve a TRO or preliminary injunction. As discussed above, we have concluded the preliminary injunction obtained by Mrs. Hendrick was not wrongfully issued. While the trial court did refuse to continue by preliminary injunction that portion of the TRO enjoining Mrs. Hendrick's harassment, the award of damages and attorney's fees under art. 3608 is discretionary with the trial court. Consultant Serv. Brokers v. Hous. Auth., Etc., 428 So.2d 1336 (La.App. 3d Cir.1983); Telerent Leasing Corp. v. R & P Motels, Inc., 343 So.2d 267 (La.App. 1st Cir.1977). The trial court's ruling on this matter will not be disturbed absent a clear abuse of discretion. Consultant Serv. Brokers v. Hous. Auth., Etc., supra.
We find no such abuse of discretion. First, Mr. Hendrick did not prove any specific damages suffered by him as a result of the injunctive relief granted to Mrs. Hendrick. Although Mr. Hendrick claimed he suffered acute humiliation as a result of this matter, we note damages for mental anguish are not recoverable under art. 3608. Fontenot v. Petmecky, 386 So.2d 702 (La.App. 3d Cir.1980), writ denied, 393 *458 So.2d 747 (La.1980). Further, it was not necessary for Mr. Hendrick to employ an attorney solely for the purpose of seeking dissolution of the TRO since he was involved in a series of ongoing litigation with Mrs. Hendrick. In fact, Mr. Hendrick's request for dissolution of the TRO was heard together with several other matters on the same date. For these reasons, the denial of Mr. Hendrick's request for damages and attorney's fees was not an abuse of discretion.

CA 84 0881
During a hearing on January 6, 1984 the parties stipulated to a modification of the joint custody plan to grant physical custody of both children to Mr. Hendrick. The parties also stipulated Mr. Hendrick's obligation to pay child support would terminate as of the last payment due. However, Mr. Hendrick's request for child support from Mrs. Hendrick was denied. The basis of this ruling was the trial court's conclusion Mr. Hendrick failed to sustain his burden of proving the children's expenses so as to permit an award of child support.
The financial situation of both parties was basically the same as at the last hearing. Both were still employed in the same positions. In his first full month on the job, Mr. Hendrick earned a gross salary of $896. He had also remarried since the last hearing. He and his second wife entered into a pre-marital agreement establishing a separate property regime between them.
As discussed above, parents owe a mutual obligation of support to their children. La.Civ.Code art. 227. We observe no apparent reason Mrs. Hendrick should not be obligated to pay child support. She owes her children an obligation of support and has the means to meet it. However in order to receive child support, it is incumbent upon Mr. Hendrick to first prove the children's expenses so that an appropriate amount of support may be set.
We agree with the trial court's conclusion Mr. Hendrick failed to meet this burden in the present case. He requested $1,800 per month in child support, but did not submit a current list of his expenses and the children's expenses. Rather, Mr. Hendrick merely attempted to rely on the old expense lists submitted by Mrs. Hendrick as a basis for setting child support. However these lists were based on a different time and a completely different household than the one in which the children were presently residing with Mr. Hendrick. Thus, there was a total lack of evidence as to the children's current expenses.
For these reasons, the judgment of the trial court must be affirmed. We note this judgment is without prejudice and Mr. Hendrick can file another rule for child support at anytime, without the necessity of establishing a change of circumstances since the trial court's judgment did not go to the merits of this issue.[3]

DECREE
In case number CA 83 1275 the judgment appealed from is amended to reduce the amount of child support Mr. Hendrick must pay from $1,500 to $1,000 per month and, as amended, is affirmed. In case number CA 84 0148 the judgment ordering Mr. Hendrick to pay child support is reversed. Further, the portion of the judgment awarding arrearages is vacated and set aside and this matter is remanded to the trial court in order that it may determine the amount of arrearages due in accordance with the opinions expressed herein. The judgment is affirmed in all other respects. In case number CA 84 0881 the judgment appealed from is affirmed.
NO. CA 83 1275 AMENDED, AND AS AMENDED, AFFIRMED.
NO. CA 84 0148 REVERSED IN PART; AFFIRMED IN PART; VACATED IN PART AND REMANDED.
NO. CA 84 0881 AFFIRMED.
NOTES
[1] Old rules die hard. At least one court continues to hold the award for child support terminates upon divorce and a new determination must be made at that time. See Plauche v. Plauche, 444 So.2d 800 (La.App. 3d Cir.1984).
[2] La.Civ.Code art. 149 provides as follows:

"During the suit for separation, a spouse may, for the preservation of his rights, require an inventory and appraisement to be made of the community property and obtain an injunction restraining the disposition of the whole of the community or of specified things of the community property."
[3] We note Mr. Hendrick also assigned error in both this appeal and No. CA 84 0148 as to the trial court's conclusion Mrs. Hendrick was entitled to temporary, exclusive use of the family home. However, the parties subsequently stipulated this home was sold during the pendency of these appeals, rendering this issue moot.