GUIDRY, Judge.
MOTION TO DISMISS
The plaintiff-appellee, Mary Britt, moves to dismiss the suspensive appeal of the defendant-appellant, Charles Britt, on the ground that no suspensive appeal lies from a judgment awarding past due child support and on the question of contempt.
Mover has supplied no authority for her position that a suspensive appeal does not lie from a judgment rendered pursuant to La.C.C.P. art. 3945. To the contrary, the jurisprudence interpreting La.C.C.P. arts. 3943 and 3945 hold that a suspensive appeal does lie from a judgment accumulat *656 ing back alimony or child support, and making it executory. See Lacour v. Lacour, 355 So.2d 1083 (La.App. 4th Cir.1978); Granger v. Granger, 193 So.2d 898 (La.App. 3rd Cir.1967); Oliver v. Oliver, 417 So.2d 1278 (La.App. 1st Cir.1982); and, Hendershot v. Hendershot, 407 So.2d 93 (La.App. 2d Cir.1981).
Although a review of contempt conviction is usually had only by application for supervisory writ, our jurisprudence has allowed a review of contempt convictions on direct appeal and in cases where the appellate court was reviewing other related appealable matters. Defendant’s contempt conviction and the sentence imposed is directly related to his appeal which questions the correctness of the arrearage judgment rendered by the trial court. City of Monroe v. Evans, 385 So.2d 912 (La.App. 2d Cir.1980), and cases therein cited.
For these reasons, appellee’s motion to dismiss this appeal is denied.
MOTION DENIED.