WATKINS, Judge.
This suit arises from a trial court decision granting Mr. Henry H. Warthen, III (appellee), a $3,456.25 credit for child support payments made during the sixteen month interim between the trial court decision reducing Mr. Warthen’s child support payments to $400.00 for six months, and *453 the final appellate decision reducing the payments to $225.00 indefinitely. We affirm the trial court’s decision for the following reasons.
Eva Zumo Warthen (appellant) and Mr. Warthen were legally divorced by a judgment of the Family Court of East Baton Rouge, rendered on April 6, 1979. The judgment ordered Mr. Warthen to pay $450.00 per month child support for the couple’s minor child.
On September 13, 1983, Mr. Warthen filed a rule to reduce child support, claiming a change in circumstances. Mr. War-then was then remarried with two small children and was unemployed. The trial court rendered judgment on October 11, 1983, granting a reduction to the sum of $400.00 per month for a six month period. Mr. Warthen appealed the trial court’s decision. On February 26, 1985, this court further reduced by $175.00 per month the amount awarded by the lower court, but did not specifically limit the duration of this award, 464 So.2d 1007.
Thereafter, Mrs. Warthen filed a rule to increase child support on March 16, 1985, and in response thereto Mr. Warthen filed a rule for credit on May 29,1985. The trial court rendered judgment on June 4, 1985, granting Mrs. Warthen an increase in child support to $400.00 per month, and deferred its decision concerning Mr. Warthen’s credit until it received his memorandum addressing the issue. The trial court rendered judgment on the rule for credit on February 25,1986. The court held that the judgment of the appellate court reducing Mr. Warthen’s child support payments was retroactive to the date of the trial court’s judgment and that he should be credited the amount of $3,456.25[1] towards future child support payments. Mrs. Warthen appealed suspensively the trial court’s decision granting Mr. Warthen the $3,456.25 credit for the amount he overpaid her during the sixteen month pendency of the original appeal in this case.
Two issues are presented to this court:
1) Whether the appellate court judgment reducing child support is retroactive to the date of the trial court judgment.
2) Whether the appellate court judgment, further reducing to $225.00 the trial court’s child support reduction to $400.00 for six months, is also limited to six months.
First we address the question of the effect of an appellate court decision reducing child support payments. This issue was extensively analyzed by this court in Wasson v. Wasson, 439 So.2d 1208 (La.App. 1st Cir.1983), writ denied, 443 So.2d 592 (La.1983), where we held that a reversal or modification of a trial court judgment awarding child support is retroactive to the date of the trial court judgment. The Was-son decision has since been followed in this circuit in Hendrick v. Hendrick, 470 So.2d 449 (La.App. 1st Cir.1985). Although Was-son and Hendrick dealt with arrearages of child support during appeal, we find the courts’ reasoning equally applicable in cases of overpayment during pendency of appeal.
We are compelled to follow Wasson and Hendrick notwithstanding the Fifth and Second Circuit decisions[2] cited by appellant to the contrary. For these reasons we affirm the portion of the trial court decision granting Mr. Warthen a credit for the amount which he overpaid Mrs. Wan-then during the sixteen month pendency of the original appeal from the rule to reduce child support payments.
The second issue concerns the interpretation of the first appellate court’s decision in this case reducing the child support payments indefinitely. The appellant contends that the appellate decision reducing *454 child support to $225.00 was limited to six months in accordance with the trial court decision. The appellant claims that the duration of the child support reduction was not an issue on appeal and that the original judgment made no mention of any limitation.
Whether a particular issue is specifically set out as an error on appeal does not limit this court’s power of review. An assignment of error is not necessary in any civil appeal. LSA-C.C.P. art. 2129.[3]
The court of appeal has a constitutional duty to review law and facts particular to each case. LSA-Const. Art. 5, § 10. Furthermore, the appellate court has authority to render any judgment which is just, legal and proper upon the record on appeal, regardless of whether a particular legal point or theory is advanced. LSA-C.C.P. art. 2164.[4]
We find the original judgment of this court to be clear. From the face of judgment the trial court was reversed, and the child support payments reduced to $225.00 without any conditions or limitations. We therefore conclude that no durational limitation was imposed by this court as none was mentioned.
For the foregoing reasons the decision of the trial court is affirmed, all costs to be borne by appellant.
AFFIRMED.

. Mr. and Mrs. Warthen agreed to stipulate that if in fact it was decided that the appellate court judgment was retroactive, for the full sixteen month period, then the amount of overpayment was $3,456.25.

. Mathews v. Mathews, 489 So.2d 360 (La.App. 5th Cir.1986); Key v. Willard, 488 So.2d 1147 (La.App.2d Cir.1986).

. LSA-C.C.P. art. 2129 reads as follows:
An assignment of errors is not necessary in any appeal. Where the appellant designates only portions of the record as the record on appeal, he must serve with his designation a concise statement of the points on which he intends to rely, and the appeal shall be limited to those points.

. LSA-C.C.P. art. 2164 reads as follows:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.