**BRETT LIRETTE**                            \*        NO. 2022-C-0368

**VERSUS**                                   \*

                                             **COURT OF APPEAL**

**JASON C ADAMS, ET AL.**                    \*

                                             **FOURTH CIRCUIT**

                                             \*

                                             **STATE OF LOUISIANA**

                        \* \* \* \* \* \* \*


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-5383, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*
(Court composed of Chief Judge Terri F. Love, Judge Edwin A. Lombard, Judge
Rosemary Ledet)


Joseph M. Messina
Bradley S. Groce
LOBMAN CARNAHAN
400 Poydras Street, Suite 2300
New Orleans, LA 70130

  COUNSEL FOR RELATOR/DEFENDANT

Steven A. DeBosier
James H. Peltier, Jr.
Adras Paul LaBorde, III
DUDLEY DEBOSIER INJURY LAWYERS
1075 Government Street
Baton Rouge, LA 70802

  COUNSEL FOR RESPONDENT/PLAINTIFF


      **WRIT GRANTED; JUDGMENT
      REVERSED
      JUNE 23, 2022**

This is a suit for wrongful death and survival action. The Relator, Jason Adams, seeks review of the trial court's May 9, 2022 judgment granting the motion for partial summary judgment filed by the Respondent, Brett Lirette, finding that Mr. Lirette is entitled to exemplary damages. For the reasons that follow, we grant Mr. Adams' writ application and reverse the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In this suit, Mr. Lirette alleges that his daughter, Kristi Lirette, was killed in a car accident while a passenger in Mr. Adams' car. Mr. Lirette claims Mr. Adams was driving while intoxicated at an estimated speed of 118 miles when he crashed the vehicle into a concrete flood wall on Tchoupitoulas Street. Ms. Lirette died as a result of injuries sustained in the crash.

Mr. Lirette filed a motion for partial summary judgment seeking a judgment that he is due exemplary damages under La. C.C. art. 2315.4, because, he argued, his daughter's injuries and death were caused by Mr. Adams' intoxication while driving with wanton or reckless disregard for the rights and safety of others. In support, Mr. Lirette attached to his motion, among other things, transcripts from Criminal District Court of Mr. Adams' guilty plea to vehicular homicide in

connection with the accident.  In the transcripts of Mr. Adams' guilty plea hearing, Mr. Adams admitted in open court to driving while intoxicated.  This admission, Mr. Lirette argues—coupled with the undisputed facts that Mr. Adams was travelling at a high rate of speed and that Ms. Lirette was killed as a result of the crash—satisfies all of the elements necessary to impose exemplary damages under La. C.C. art. 2315.4.

Mr. Adams opposed the partial summary judgment motion, arguing that Mr. Lirette could not rely on the guilty plea hearing transcripts to establish his entitlement to exemplary damages.  Mr. Adams also argued that genuine issues of material fact remain regarding his intoxication at the time of the accident, whether he acted with wanton or reckless disregard for the rights and safety of others, and whether his actions caused Ms. Lirette's injuries and death.

The trial court granted the motion for partial summary judgment.  Mr. Adams' writ application followed.

## DISCUSSION

In briefing before this court, the parties repeat their arguments regarding the existence, or lack thereof, of factual disputes concerning the necessary elements to impose exemplary damages under La. C.C. art. 2315.4.  However, due to the discretionary nature of exemplary damage awards, we find it unnecessary to reach this issue.

Article 2315.4 of the Louisiana Civil Code provides:

> In addition to general and special damages, exemplary damages *may* be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.

(Emphasis added).

2

The use of the word "may" in La. C.C. art. 2315.4 indicates that, even if the necessary elements are established to permit an exemplary damages award, it is within the jury's discretion to award exemplary damages. *See*, *e.g.*, *Citadel Broadcasting Corp. v. Axis U.S. Ins. Co.*, 14-326, p. 13 (La. App. 4 Cir. 2/11/15), 162 So.3d 470, 479 (observing that use of the term "may" denotes discretion); *Consultant Serv. Brokers, Inc. v. Hous. Auth. of City of Alexandria*, 428 So.2d 1336, 1337 (La. App. 3d Cir. 1983) (same). Underscoring the statute's inclusion of the word "may," in *Boulmay v. Dubois*, 593 So.2d 769, 775 (La. App. 4th Cir. 1992), this court affirmed a jury verdict that declined to award exemplary damages despite finding in jury interrogatories that all of the elements required for exemplary damages under La. C.C. art. 2315.4 were present. The court reasoned that, in addition to the general principle that the decision to award punitive damages rests within the sound discretion of the trier of fact, "La. C.C. art. 2315.4 itself affords the trier of fact complete discretion as to whether or not to award exemplary damages." *Id*; *see also*, *Khaled v. Windham*, 94-2171, p. 13 (La. App. 1 Cir. 6/23/95), 657 So.2d 672, 681; *Brossett v. Howard*, 08-535, p. 27 (La. App. 3 Cir. 12/10/08), 998 So.2d 916, 934-35.

Under La. C.C.P. art. 966(A)(3), "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." Here, the decision to award exemplary damages pursuant to La. C.C. art. 2315.4 is left to the discretion of the jury. Thus, regardless of whether or not the Mr. Lirette's motion for partial summary judgment established the necessary elements to permit an exemplary damage award, he is not entitled to an

exemplary damage award as a matter of law; that decision is left to the discretion of the jury.

## DECREE

For the foregoing reasons, the trial court's May 9, 2022 judgment is reversed and Mr. Lirette's motion for partial summary judgment is denied.

**WRIT GRANTED; JUDGMENT REVERSED**