BOUTALL, Judge.
This suit arises from consolidated separation and divorce proceedings. From a judgment granting a divorce to the husband, awarding to the wife past due alimony pen-dente lite and permanent alimony, the husband has appealed. The wife has answered, praying for an increase in permanent alimony. We affirm.
Jenny Rumore filed suit for separation from her husband, Gary M. Smith, on June 18, 1981, on grounds of abandonment; the husband answered alleging cruelty. On July 29, 1981, the court awarded the wife alimony pendente lite of $300 per month. The wife later moved to have the separation set for trial, but before it came up the husband sued for divorce on grounds of living separate and apart for more than one year. The cases were consolidated and on April 20, 1982, the court heard all matters, including a motion by the husband to decrease and a contempt rule brought by the wife for past due alimony pendente lite. The court decreed that the husband was not guilty of contempt for failure to pay but awarded the wife $1,350.00 in past due alimony pendente lite. A divorce was granted to the husband and he was ordered to pay permanent alimony of $150.00 per month. This appeal and the wife’s answer followed.
The husband is a musician in a “country western” band, which played at various clubs on the West Bank of Jefferson Parish. The wife was employed as a key-punch operator for a company located on the East Bank of Jefferson. The couple lived in Metairie and the wife’s young daughter of a former marriage lived with them. The husband moved out of the residence in October, 1980.
The husband’s complaints focused on his wife’s housekeeping, particularly her inability to iron his shirts for band appearances, her unwillingness to let him correct her daughter, her tight control over their combined earnings, her jealousy of women who approached him at performances, and on her unwillingness to move to the West Bank, nearer to his work. His final move from the matrimonial' domicile resulted from an argument over moving.
The issues brought on appeal are whether the wife was free from fault that would deny her permanent alimony, whether the judgment of past due alimony pendente lite should be reduced^ and whether the award of alimony was correct as to her entitlement and as to the amount.
On the issue of fault, LSA-C.C. art. 160 provides that a spouse, to be entitled to alimony, must be found free from fault in causing the separation or divorce. Fault has been defined by the jurisprudence as:
“... conduct or substantial acts of commission or omission by the spouse viola-tive of his or her marital duties and responsibilities. To constitute fault, a wife’s misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. Adams v. Adams, 389 So.2d 381 (La.1980); Pearce v. Pearce, 348 So.2d 75 (La.1977) ....” McKnight v. McKnight, 401 So.2d 445 (La.App. 1st Cir.1981), at 446.
We agree with the trial judge’s finding that the testimony did not disclose such behavior on the part of the wife in this case. Although it was apparent that there were disagreements on money, the young daughter, and housekeeping, nothing in the record suggested that the wife was so remiss in her wifely responsibilities as to be legally “at fault.” The chief bone of contention between husband and wife was the issue of moving. Although each may have had other reasons, convenience to their respective jobs was the reason given for their diver *768 gent points of view on moving. With both spouses employed, we find no compelling reason why it was more desirable for Smith to be near his work than for Mrs. Rumore to be near hers; in fact, Smith did move to Belle Chasse close to his parents rather than to another location near his place of employment. On the other hand, we do not find that the husband’s leaving the home constituted abandonment, but rather that it was by mutual consent. He was willing for her to join him but unwilling to concede to her wishes as to their place of residence. The record reveals mutual incompatibility and a lack of consideration suggestive of immaturity, rather than cruel treatment on the part of either or both parties. Accordingly, we affirm the trial court’s finding as to the issue of fault.
As to the judgment of past due alimony pendente lite, Smith filed a motion to reduce on March 8,1982, while Mrs. Rumore filed a rule to recover the arrearage and for contempt on March 19. At trial on April 20, 1982 the attorneys stipulated that the amount of $1,350 was past due and owing as of date of trial. As no allegation was made of an earlier binding agreement between the parties as to a reduction or termination, the husband was foreclosed from a retroactive reduction. Under La.C.C.P. art. 3945, the court is required to order payment of past due alimony when a spouse has properly moved to have the amount determined and made executory.
The record contains further proceedings beginning on October 20 with a rule for contempt for failure to pay the April 20 judgment. The defendant urges the court to review documents filed after the date this appeal was taken, while the plaintiff has moved to have the documents excluded. The law is clear that the Court of Appeal cannot review matters occurring after the judgment from which an appeal is taken. Morgan v. Allstate Ins. Co., 393 So.2d 324 (La.App. 1st Cir.1980); Guillory v. Nicklos Oil & Gas Co., 315 So.2d 878 (La.App. 3rd Cir.1975); Barrois v. Service Drayage Co., 250 So.2d 135 (La.App. 4th Cir.1971, writ denied 253 So.2d 66, 259 La. 805 and 806). Accordingly, we affirm the trial court’s award of past due alimony pendente lite and exclude all pleadings and documents filed after judgment.
The appellant asks this court to deny the appellee permanent alimony on the grounds that his income has been reduced and that the appellee is employed. The appellee asks for an increase to $300.00 per month. The record reveals that Smith’s gross income was reduced by $100.00 per week to $300 per week as of March 12, 1982. Mrs. Rumore’s salary is $387.50 biweekly, net pay $312.00, and has not changed since the separation. The trial court is given much discretion in awarding alimony, and its decision will be overturned only upon a showing of abuse of that discretion. Super v. Super, 397 So.2d 1084 (La.App. 4th Cir.1981). While the award of $150.00 may appear to be high in light of the wife’s employment, it is. still below the one-third of the appellant’s income allowed by LSA-C.C. art. 160. As the award is within acceptable limits, we affirm.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.