480 So.2d 1039 (1985)
Josephine Kalif BALLANCO
v.
Gerard Albert BALLANCO.
No. 85-CA-422.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1985.
*1041 John Y. Kennedy, Favret, Favret, Demarest & Russo, New Orleans, for plaintiff-appellant/ appellee.
Craig J. Cimo, Gretna, for defendant-appellee/appellant.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
BOWES, Judge.
Plaintiff and defendant have both appealed a judgment of the District Court reducing alimony and child support, payable to Mrs. Ballanco, from the sum of $3,900 per month to $3,000 per month. We affirm the trial court for the reasons set forth below.
The parties were married on November 20, 1966. Of the marriage, four children were born. In 1982, Mrs. Ballanco petitioned for, and obtained, a separation which judgment decreed her to be free from fault. Alimony and child support were fixed by judgment some months later, in December, 1982, at which time Dr. Ballanco was ordered to pay $1,000 per month per child as child support, and $500 per month as alimony, for a total of $4,500.00. Dr. Ballanco was also ordered to provide medical and dental insurance for his wife and children, provided that Mrs. Ballanco utilize the free facilities available to Dr. Ballanco. A consent judgment dated January 28, 1983, reallocated the $4,500 as alimony for the support of the family (evidently to achieve a change in status for tax purposes).
In June, 1983, a judgment of divorce was granted which essentially incorporated the support terms of the above consent judgment, with one major exception: the alimony and/or child support presently payable to Mrs. Ballanco would be reduced by $600.00 per month "one year from date or upon the sale of the family home acquired by Mrs. Ballanco this date, whichever event occurs sooner."[1]
The next pleadings filed by these parties were the motions to decrease alimony and to increase it, filed by Dr. and Mrs. Ballanco, respectively, which were heard in September, 1984. The judgment rendered therein resulted in this appeal. After two days of hearing evidence and testimony, the trial court reduced the alimony and child support from the sum of $3,900.00 per month (which sum had, by operation of the 1983 judgment, been in effect since June, 1984) to $3,000; Dr. Ballanco was also ordered to provide hospitalization and medical insurance for the children only, and all medical and dental expenses, again provided that Mrs. Ballanco utilize the free services available to Dr. Ballanco. The rule for increase was dismissed.
Plaintiff-appellant appeals, alleging these errors:
1. The perpetuation of an in globo award of alimony for the support and maintenance of JOSEPHINE KALIF BALLANCO and her minor children.
2. The trial court erred by abusing its discretion in awarding a reduction in alimony and child support which was not supported by evidence or testimony sufficient to warrant the decrease as established by law and jurisprudence.
3. The trial court erred in abusing its discretion in not awarding an increase in alimony and child support.
Defendant-appellant has essentially urged that he should have been granted a further reduction in alimony.
In connection with plaintiff's first assignment of error, we note that on March 29, 1985, three months after the motions for devolutive appeals were signed, Dr. Ballanco filed a rule to have the support award apportioned. On May 9, 1983, the trial judge signed a consent judgment itemizing and apportioning the award. Under *1042 La.C.C.P. art. 2088,[2] the trial court was divested of jurisdiction over this matter, which is reviewable under the appeal, when the order of appeal was granted. This issue does not fall into one of the exceptions detailed in Article 2088. Therefore, the judgment of May 9th is a nullity, and without effect, and the question is before us on appeal.
The exception of no right of action filed by the defendant in this appeal is consequently dismissed.
We think it elementary that alimony is separate and distinct from a child support obligation and must be so distinguished in any judgment in which they are awarded. The duty of spousal support arises out of the relationship between husband and wife (C/C. Art. 119) and transmutes into the obligation of alimony at the time of divorce (Art. 160) if the spouse is without fault and in necessitous circumstances. The parental obligation of child support does not arise from the marriage but from the fact of paternity. La.C.C. art. 227; Lewis v. Lewis, 404 So.2d 1230 (La. 1981).
The right to receive alimony terminates with death or remarriage, is intended to provide the basic necessities of life, and is limited to one-third of the responsible spouse's income. C.C. Art. 160. Children of separated or divorced parents are entitled to be maintained in the same manner prior to the separation or divorce, Ducote v. Ducote, 339 So.2d 835 (La.1976), and the duty of support terminates when the child reaches majority. Ramos v. Ramos, 425 So.2d 989 (La.App. 5th Cir.1983). The tax consequences of paying and receiving alimony and child support differ substantially. It is clear that a judgment awarding both alimony and child support incorporates two distinct elements and should be appropriately allocated according to the individual circumstances.
However, we find that the trial judge in the present case, in not apportioning the award, was effecting the previously-expressed will of the parties. The original judgment, at the time of the separation, allotted specific amounts of alimony and child support. The parties subsequently obtained a consent judgment which maintained the same sum, but which was designated as alimony for the support and maintenance of Mrs. Ballanco and the children  an in globo award. Such an in globo award was perpetuated in the divorce judgment without objection. The record does not indicate a desire of either party to specify such amounts in the judgment presently under consideration prior to the rule to apportion payment.
Under these circumstances, we find that it was not error to grant the alimony/support award in globo. In so holding, we note that the parties have the opportunity to move the court for allocation, as was previously attempted here, following the resolution of this appeal.
On considering the remainder of the assignments of error, we initially take cognizance of the well-settled maxim that the trial court is given great discretion in awarding alimony and child support, and its decision will be overturned only upon a showing of an abuse of that discretion. Smith v. Smith, 430 So.2d 766 (La.App. 5th Cir.1983). In the present case, no oral or written reasons for judgment or findings of fact are presented. However, a review of the record before us convinces us that there was no abuse of discretion in the instant case.
*1043 Defendant-appellant avers that plaintiff, Mrs. Ballanco, has an asset in her home which defeats her request for alimony, citing such cases as Hilton v. Hilton, 451 So.2d 90 (La.App. 3rd Cir.1984), which states that when large sums are tied up in extravagant housing, the continued possession of such housing is considered sufficient means to defeat alimony. This contention is without merit inasmuch as no evidence, other than exaggerated testimony by Dr. Ballanco, was introduced to prove the value of the home. We further observe that there was no proof that the home was extravagant or exceeded the needs of Mrs. Ballanco and the children. In this regard, we note that the residence in question was the family home prior to separation, and the children are entitled to be maintained on a basis commensurate with the family standard of living enjoyed before the marriage was terminated, Baham v. Baham, 456 So.2d 1032 (La.App. 5th Cir.1984), if the parents' incomes permit. Tschirn v. Tschirn, 434 So.2d 113 (La.App. 5th Cir.1983).
When parties seek to modify child support previously fixed in a consent judgment, the party seeking the modification must prove a change of circumstances of one of the spouses. Such change must occur between the date of the consent judgment and the date of the rule for modification. Kuhn v. Kuhn, 420 So.2d 1026 (La. App. 5th Cir.1982).
Considering this rule, we are unable to conclude that defendant's attempt to prove plaintiff's ownership of certain property in Mississippi constitutes a change of circumstances sufficient to justify a decrease in support. It is evident that Dr. Ballanco was long aware of his wife's connection with her mother's business affairs in Mississippi. He testified that at one time he and Mrs. Ballanco declared income and depreciation for income tax purposes on one property; there was no proof that Mrs. Ballanco presently receives any income from any of the properties in question. To the contrary, both she and her mother testified that she did not receive any such income, and this testimony was unrefuted. We do not find that the record as a whole supports a finding that Mrs. Ballanco's possible actual ownership of those properties evidences a change of circumstances from the time the consent judgment was reached.
Defendant also contends that Mrs. Ballanco should be employed outside her home, and therefore that Dr. Ballanco is entitled to a decrease in alimony. However, Mrs. Ballanco has not been employed for more than 16 years, was not so employed at the time of the separation and divorce judgments, and thus we find no change of circumstances. The fact that the youngest child is now enrolled in school, which defendant offers to prove as a change, does not in and of itself evidence an ability to work. This contention is without merit.
The record does support a conclusion, however, that Dr. Ballanco has suffered a dimunition in income since the prior judgment. While testimony from Janice Brown, an accountant for Dr. Ballanco's medical partnership, testified that income for 1984 was, at the time of trial, substantially the same as for 1983, the partnership had capitalized more funds for necessary equipment and repairs in 1984 than the previous year. As a result, the distributable income per doctor was decreased in 1984; Ms. Brown projected that Dr. Ballanco's income would decrease by some $15,000. Mr. Errol F. Broussard, Jr. a certified public accountant who testified as an expert, verified this projection as accurate in his opinion.
In Kean v. Kean, 388 So.2d 398 (La.App. 1st Cir.1980), the Court of Appeal observed:
Whether appellant may, by diverting nearly half his net income for legitimate business purposes, lower his take-home pay to a point which would make an otherwise valid alimony award exceed the permitted one-third of his net income1 is a question analogous to that raised in Sonfield v. Deluca, supra, *1044 where a wife was not permitted to sink great sums into unnecessary housing and thereby create insufficient means for her support.
In Sonfield v. Deluca, 377 So.2d 380 (La.App. 4th Cir.1979), the court emphasized the idea of "reasonable necessity" in deciding that an ex-wife could not leave otherwise sufficient means tied upon a house beyond her reasonable necessity. We believe this, as did the court in Kean, to be analogous to the situation before us, and have carefully reviewed the testimony relative to the partnership earnings. We find that the capitalization which resulted in Dr. Ballanco's decreased distributable income was neither unreasonable nor unnecessary. Funds were diverted for necessary repairs and equipment. In a business enterprise such as the one in question, the payor-spouse does not have complete control over the expenditures which affect his income. In such cases, the trial court should and this appellate court will carefully examine the evidence on a case by case basis to determine whether such diversion of funds operates to unnecessarily or unreasonably deplete the assets and lower the income of the spouse. This permits the trial judge and the appellate court to determine whether the spouse, under the particular circumstances of each case, is attempting to avoid or circumvent, either personally or through his business relations, his obligation under the law by unnecessary capitalization, or if he is reasonably responding to the exigencies of commerce. Obviously, the courts are not going to permit family support payments to suffer or be substantially reduced under the guise of reducing a husband's disposable income by unnecessary or unreasonable capital or business expenses. When necessary, a spouse is required to reduce his expenses in order to have funds to pay his priority family support obligations under C.C. Arts. 227 and 160. Kellogg v. Kellogg, 375 So.2d 200 (La.App. 2nd Cir.1979).
Since we have found that the capital expenses in the present case which affect Dr. Ballanco's income were reasonable, we must accept the figures relative to his income as correct. This conclusion supports the trial court's decision to decrease support payment.
Mrs. Ballanco, for her part, did not prove a change of circumstances in increased need. The thrust of her testimony is that the expenses of raising her children have increased because the children are growing and prices have increased. (No evidence was presented to sustain this contention.) As we have previously done in Micheu v. Micheu, 440 So.2d 240 (La.App. 5th Cir.1983), we are able to compare the expense list submitted by the plaintiff in 1982, at the time of the original support judgment, with the sheet submitted by her in 1984. Her total needs have obviously decreased, rather than increased, and such finding also bolsters the ultimate decision of the trial court.
However, considered as a whole, and contrary to the urging of Dr. Ballanco, the facts and circumstances of this case do not justify any further decreases in support at this time. The reduction granted by the learned trial judge, although substantial, was not so great or so small as to constitute an abuse of his very wide discretion on matters of this type and we find no manifest error and decline to disturb the award.
Accordingly, the judgment of the trial court reducing support to $3,000 per month is affirmed. Defendant's exception of no right of action is dismissed. Each party will bear his own costs on appeal.
AFFIRMED.
NOTES
[1] Testimony at the September 1984 hearing indicated that this portion of the judgment at least was reached by consent of the parties.
[2] Art. 2088. Divesting of jurisdiction of trial court

The jurisdiction of the trial court over the case shall be divested, and that of the appellate court shall attach, upon the timely filing of the appeal bond in the trial court, or if no bond is required, upon the granting of the order of appeal. Thereafter, the trial court shall have no jurisdiction over the case except: to tax the costs incurred in the trial court; to test the solvency of the surety on the appeal bond as of the date of its filing or subsequently; to consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, in accordance with Article 5124; and as provided by Articles 2125, 2131, and 2132.