499 So.2d 1236 (1986)
Penny Cangelosi, Wife of Joseph O'SHEA
v.
Joseph O'SHEA.
No. CA-5434.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
Roger I. Dallam, Greenberg & Dallam, Gretna, for plaintiff-appellant.
Before SCHOTT, GARRISON and ARMSTRONG, JJ.
SCHOTT, Judge.
In March, 1979 appellant was awarded alimony and child support in the amount of $65.00 per week. On August 25, 1985 she filed a motion to make past due alimony executory alleging that he had never paid anything. The trial court found that appellee was in contempt for failing to pay during the period from August 26, 1980 through February 28, 1981 but suspended support payments after February 28, 1981. The issues on appeal are whether the trial court had any discretion as to the amount of the award and whether appellant is entitled to attorney fees and interest.
At the trial of the motion there was testimony to the effect that upon appellee's return to the city in February, 1981 he attempted to contact appellant and was able to reach her by telephone on several occasions. However, he stated that he was unable to send her the alimony because he *1237 did not have her address. In her reasons for judgment the trial judge accepted this testimony and found that appellant had "actively concealed her whereabouts and... made no demands for support because her intention was to sever contacts between the minor child and the father."
The judgment of the trial court is inconsistent with the law. LSA-C.C.P. art. 3945 provides the alimony recipient with the right to have the amount of past due alimony determined and made executory. The article does not give any discretion to the trial court when the amount in arrears is established; and the court is not empowered by equity or otherwise to reduce accumulated alimony until the previous judgment awarding alimony has been amended by a subsequent judgment. Rivers v. Rivers, 402 So.2d 733 (La.App. 4th Cir.1981); Hendrick v. Hendrick, 470 So.2d 449 (La. App. 1st Cir.1985); Hicks v. Hicks, 450 So.2d 30 (La.App. 3rd Cir.1984); Smith v. Smith, 430 So.2d 766 (La.App. 5th Cir. 1983); Hendershot v. Hendershot, 407 So.2d 93 (La.App. 2nd Cir.1981). Therefore the judgment will be amended to award appellant past due alimony from June, 1979 until August, 1985.
Appellant also seeks attorney fees based upon R.S. 9:305. This provides that the court which renders an executory alimony judgment shall award attorney fees "except for good cause." Appellant's argument that the statute's mandatory language leaves the trial court without discretion overlooks the statute's "except for good cause" language. The trial court found good cause in appellant's concealing her whereabouts from appellee. Thus, she was properly denied attorney fees.
Finally, appellant seeks legal interest on each payment from the date it was due. The judgment will be amended to this effect.
Accordingly, the judgment appealed from is amended and recast to read as follows:
The motion filed by Penny Cangelosi O'Shea to have the amount of past due alimony determined and made executory is granted. There is judgment in favor of Penny Cangelosi O'Shea and against Joseph O'Shea in the sum of $20,450.00 with legal interest from the date each weekly payment of $65.00 was due until paid subject to credits of $690.00 and for all costs of these proceedings.
AMENDED AND RECAST.