11 STEWART, Judge.
Appellant-defendant, Martha Sue Prater (Martha), appeals the trial court’s judgment denying an increase in child support due to failure to show a change in circumstances. The dispute is between Martha and Claude Earnie Prater (Claude). In one assignment of error, the appellant contends the trial court erred in determining that the requisite change of circumstances must have occurred from the time the Louisiana court recognized the foreign support order until the date of filing for the increase in support. For these reasons assigned below, we reverse the trial court’s judgment and remand for further proceedings.

FACTS

On May 25, 1990, Martha and Claude Prater were divorced in Alexander County, Illinois. In that proceeding, the parties entered a joint parenting agreement, with Martha as primary residential parent of the three children, Claude Ray, Joseph, and Michael. The Illinois court ordered Claude to pay Martha child support in the amount of $225.00 per month. Martha obtained a scholarship to attend a Louisiana school and wished to move with the children. By order of the Illinois court dated March 15, 1993, Martha was given leave of court to remove the children from the state. The Illinois court amended the original custody decree on the same date to include a visitation schedule for the children to see their father. Martha was responsible for the children’s transportation to their father’s home in Illinois.
On or about August 28, 1994, the appellee removed the parties’ minor son Joseph from Louisiana to his home in Edgerton, Kansas. On January 24, 1995, Martha filed a petition to have the Illinois decree recognized in Union Parish, Louisiana along with a writ of habeas corpus. The Illinois judgment was recognized by the Union Parish court on May 18, 1995. The trial court rendered | ¿judgment on May 18, 1995, granting relief for the appellant and denying relief for the appellee.
Martha filed in the Third District Court the foreign support record and the foreign support order dated June 1,1993. The court assigned the interstate family support action as Juvenile Docket No. 2079 in the Third Judicial District Court. Claude received notice on June 3,1995, and failed to contest the validity or enforcement of the registered order pursuant to La. Ch. C. Art. 1306.6. The *861 order became automatically confirmed as a matter of law. La. Ch. C. Art. 1306.6(B).
Martha filed an Application for Preliminary Injunction and Motion to Modify Custody Order on May 31, 1995, to allow her son Joseph to attend required summer classes. Claude obtained an ex parte order for an indefinite continuance, and on July 3, 1995, filed a Motion for Contempt and to Modify Previous Child Custody Order, again seeking custody of Joseph. On July 20,1995, Martha countered with a series of motions: Motion and Order for Rule for Consolidation; Motion and Order for Rule for Judgment of Past Due Child Support, Contempt and Attorney Fees; and Rule to Show Cause Why Child Support Should Not Be Increased.
After a September 8, 1995, hearing, the trial court by a judgment signed December 15, 1995, denied “the Claude’s motion” to change custody, and denied the motion to increase child support for reasons orally stated. In addition, the court sustained, in part, Claude’s motion for contempt. The trial court ruled that the child support order originating from Illinois had already been recognized and made executory on May 18, 1995. Therefore, the requisite change of circumstances had to have occurred from the date they purportedly recognized the Illinois judgment, not the date it was originally rendered.
Martha contends that the custody order and the judgment recognizing the custody order failed to mention child support. The trial court did not take |3evidence regarding support at the time the foreign support order was recognized. This recognition of the order, despite the date, cannot be a considered decree by the Louisiana court in determining whether the Martha is entitled to a modification of child support. Claude contends that for Martha to seek an increase in child support, she must show a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award. The trial court ruled that the Illinois judgment of July 11, 1995, not the previous divorce judgment nor the judgment making it executory in Union Parish of May of 1995, was a considered decree. Therefore, the ap-pellee argues that the appellant must show a change in circumstances from the last considered decree July 11,1995.

DISCUSSION

The sole issue for review is when a foreign child support order is recognized in Louisiana, and no modification rule is contemporaneously sought, and a rule for modification of support is subsequently sought, does the required change of circumstances have to occur: 1) between the date of the request for modification and the date of rendition of the foreign award in the foreign state, or 2) between the date of the request for modification and the date of recognition in Louisiana of such foreign award?
To warrant modification of a child support award, the petitioning party must show that, since the time of the previous award, circumstances have substantially shifted in a positive or negative direction consistent with the adjustment sought. LSA-R.S. 9:311(A); Crowder v. Crowder, 595 So.2d 810 (La.App. 2d Cir.), writ denied, 598 So.2d 358 (La.1992). We find error in the trial court’s conclusion which required Martha to show a change of circumstances from the date the Illinois judgment was recognized in the Louisiana court May 18, 1995 and the filing date of her rule for increase in support, on July 20, 1995, a time of ponly three months. According to LSA-R.S. 9:311(A) the trial court should have ruled that an increase in child support is warranted if there was a change in circumstances between the time of the previous award in Illinois and the motion for modification, not the time the previous award in Illinois was recognized in this state and the motion for modification.
The Illinois trial court had evidence with which to make a considered decree. A considered decree is one in which evidence as to parental fitness to exercise custody, support, etc. is received by the court. Myers v. Myers, 561 So.2d 875 (La.App. 2d Cir.1990). The Louisiana trial court heard no evidence about what amount of support would serve the best interest of the children.
Since the record does not contain the necessary evidence for a determination of child support under the guideline, a remand to the *862 trial court is necessary. See State v. Flintroy, 599 So.2d 331 (La.App. 2d Cir.1992); Richardson v. Richardson, 590 So.2d 1302 (La.App. 1st Cir.1991). Accordingly, we remand to the trial court for the proper determination of child support in accordance with the views expressed herein. Cost of this appeal are assessed to the appellee.

DECREE

The trial court’s judgment denying appellant-defendant’s increase in child support is denied.
REVERSED and REMANDED.