I,STEWART, J.
Brian Guinther filed a petition to modify the child custody provisions of a Tennessee consent decree by which sole custody of the two minor children was awarded to his former wife, Wendy Baird, and to fix child support in conjunction therewith. Guin-ther sought to be named custodial parent. Guinther also complained of Baird’s failure to pay certain visitation-related transportation costs in accordance with the Tennessee decree and requested that Baird be held in contempt. Baird, in a reconven-tional demand, requested an award of joint custody of the minor children and a modification of child support in accordance with the child support guidelines set forth in La. R.S. 9:315 et seq. Following a trial, the parties were awarded joint custody of the minor children in accordance with an implementation plan prepared by Baird. The trial court increased the amount of child support paid by Guinther, denied Guinther’s demands that Baird be held in contempt for certain violations of the Tennessee decree, and denied any reimbursement for transportation costs incurred by Guinther. In six assignments of error, Guinther appeals the increase in the amount of child support, certain provisions of the implementation plan approved by the trial court, and the denial of reimbursement for travel expenses. For the reasons set forth herein, we reverse the trial court’s judgment in part, amend in part, and affirm in part.
FACTS
Guinther and Baird were married on August 2, 1986 in Nevada while both were serving in the United States Navy. Two children, Bradley Guinther and Kyle Guin-ther, were born of the marriage. The parties obtained a judgment of divorce on March 6,1991 while residing in Tennessee. The divorce decree, rendered by the Thirteenth Judicial District at Memphis, *849 awarded custody of the children to Baird with visitation privileges to Guinther and ordered Guinther to pay child support of $350 per month, all as set forth in a marital dissolution agreement Centered into by the parties and incorporated into the trial court’s judgment. The marital dissolution agreement dated February 4, 1991 incorporated an earlier agreement dated April 18, 1990. Taken together, the two agreements provided that Guinther-was to enjoy visitation for three months each summer and every other major holiday, and that the parties would each be responsible for paying one-half the cost of the children’s transportation in connection with these visitation privileges. Visitation every other weekend was also agreed upon. Baird was allowed to claim the children as dependents on her individual income tax returns. Guinther was to provide medical insurance for the children and pay any non-covered medical expenses.
On August 18, 1998, Guinther filed a “Petition to Modify Custody and for Contempt” in the Fourth Judicial District Court in Ouachita Parish where Baird and the children were residing. Guinther alleged a change in circumstances since the time of the Tennessee decree, namely that he remarried and was better able to provide a stable home for the children, and requested that he be named custodial parent. In conjunction therewith, Guinther requested that child support “be fixed in accordance with law.” Guinther also requested that the Tennessee judgment be made executory and that Baird be held in contempt for both her failure to pay one-half of the transportation costs as required by the Tennessee judgment and her failure to satisfy the indebtedness on the automobile. Baird, in reconvention, requested that the trial court award joint custody of the children in accordance with a plan of implementation provided by her and requested that child support be fixed in accordance with La. R.S. 9:315 et seq.
The matter proceeded to trial on October 13, 1998. Review of the trial transcript shows that the major issue pursued by Guinther was the reimbursement of transportation costs and the request that Baird be found in contempt of the Tennessee decree for her failure to pay one-half of the transportation costs as |3ordered. The major issue pursued by Baird was an increase in the amount of child support paid by Guinther. Guinther stipulated to joint custody of the children as requested by Baird. The parties agreed to alternate custody of the children for major holidays, Thanksgiving and Christmas, on an every other year basis, and the parties agreed that Guinther, who was still serving in the Navy, could visit the children at any time in Ouachita Parish upon giving Baird fifteen days notice. The trial court indicated that he would split the transportation costs for major holidays evenly between the parties.
In a judgment rendered February 9, 1999 and signed April 22, 1999, the trial court awarded joint custody as per the parties’ stipulation and in accordance with the implementation plan made part of the judgment; denied Guinther’s claim for reimbursement of travel expenses and request that Baird be found in contempt of the Tennessee decree; and ordered Guin-ther to pay child support of $573.56 per month and provide medical insurance coverage for the children. The joint custody implementation plan prepared by counsel for Baird and incorporated into the judgment provided the specifics of visitation, including the provision that Guinther shall be allowed to visit the children at any time in Ouachita Parish upon giving Baird thirty days notice. This notice provision was contrary to the fifteen days notice requirement to which the parties stipulated at trial. The plan also assessed seventy percent of the transportation costs for visitation at major holidays to Guinther.
On appeal from this judgment, Guinther asserts the following six assignments of error pertaining to the denial of his reimbursement and contempt demands and the increase in child support:
*850 1. The trial court erred by increasing the child support.
2. The trial court erred in requiring thirty days written notice for visitation. |43. The trial court erred in requiring payment by Guinther of seventy percent of the transportation costs.
4. The trial court erred in not finding Baird in contempt of court and ordering reimbursement.
5. The trial court erred in not granting Guinther the income tax dependency.
6. The trial court erred by including the quarters allowance in Guinther’s income.
DISCUSSION
Assignments of Eiror 1, S, 5, and 6— Modification of Child Support and Related Matters:
In the first assignment of error, Guinther argues that there was no showing of a change in circumstances to support an increase in the child support award. Baird asserts that Guinther requested in his petition that child support be fixed in accordance with law and argues that circumstances have changed since the Tennessee decree. We believe the record shows that Guinther sought modification of the child support award only in conjunction with his request to be named custodial parent. This finding is supported by Guin-ther’s voicing of an exception of no cause of action at the start of trial as to Baird seeking an increase in child support since she did not allege a change in circumstances.
In written reasons for judgment, the trial court found a change of circumstances based upon his belief that the children’s expenses would be greater because of their current ages as opposed to their younger ages at the time of the Tennessee decree and his knowledge of military service, which suggested that Guinther’s pay would have increased due to his years in the U.S. Navy. The trial court also noted that because the Tennessee decree was a consent decree, the court would have no hesitation addressing a request to increase support.
An award for support shall not be reduced or increased unless the party seeking reduction or increase shows a change in circumstances of one of the | ^parties between the time of the previous award and the time of the motion for modification of the award. La. R.S. 9:311(A). The party seeking modification of a consent judgment of child support bears the burden of proving a modification is in order. Riggs v. LaJaunie, 98-304 (La.App. 3rd Cir. 10/7/98), 720 So.2d 114. In this instance, the trial court was required to find a change in circumstances between the time of the Tennessee decree and the time of Baird’s request for modification of the child support award. See Prater v. Prater, 28,807 (La.App.2d Cir.10/30/96), 682 So.2d 859. There is no bright line rule showing what constitutes a change in circumstances to warrant modification. Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762. The decision to modify an award of child support falls within the trial court’s great discretion. Id.
We are cognizant of both Stogner’s caution that lower courts may not rely upon stipulated judgments that were not given consideration in light of the child support guidelines as a basis for denying modification of child support and the fact that the Tennessee decree which set child support at $350 was a consent judgment. However, we find no basis in this record for a modification of the child support award as established by consent of the parties and approved by the Tennessee court. The record contains no evidence of change in circumstances between the time of the Tennessee decree and the request for modification by Baird. We cannot accept the trial court’s findings that Guin-ther’s pay has increased and that school-age children incur greater expenses as these findings are not supported by the record. While the parties did establish *851 their respective incomes as of the time of trial, there is no evidence of their incomes at the time of the Tennessee decree or of any change in their incomes since that time. There is also no evidence of greater expenses being incurred at the time of trial as opposed to the time of the Tennessee decree. The only changes shown are the remarriages of the parties to new spouses. However, there was no showing of how the parties’ marriages have | (¡resulted in a change in circumstances warranting a modification of the child support award. Because of the lack of evidence showing a change in circumstances, we find the trial court abused its discretion in modifying the child support award set forth in the Tennesseé decree and hereby order reinstatement of the support provisions as established by the Tennessee decree.
In the sixth assignment of error, Guin-ther asserts that the trial court erred in including the housing allowance as income in calculating child support. Our finding that the trial court abused its discretion in modifying the child support award set forth in the Tennessee décree renders this assignment of error moot.
In the third assignment of error, Guin-ther asserts that the trial court erred in requiring him to pay 70% of the transportation costs for visitation. During the course of trial, the trial court indicated that he would split the costs of transportation evenly between the parties. However, in the reasons for judgment, the trial court assessed Guinther with 70% of the transportation costs. This figure was apparently based on the trial court’s child support calculations by which he determined that Guinther’s income was 67.5 % of the total income of the parties. Because we have determined that the trial court abused its discretion in modifying the child support award, we also find that it was an abuse of discretion to modify the sharing of transportation costs. Transportation costs for visitation as set forth in the trial court’s judgment are to be shared on an equal basis between the parties as provided in the Tennessee decree.
In the fifth assignment of error, Guinther asserts that the trial court erred in not granting him the dependency deduction for the children. In discussions during the course of trial, the trial court mentioned that he would alternate the deduction between the parties on an every other year basis. Neither the trial court’s written reasons for judgment nor the judgment refers to the dependency deduction issue. The trial court rendered no ruling on this issue, and neither party pled this issue. ^Furthermore, the record does not contain sufficient evidence to determine whether Guinther, the non-domiciliary parent, is entitled to the deduction under the criteria of La. R.S. ikSIS.lSCB).[1] Accordingly, we find no merit to this assignment of error.
Assignment of Error 2 — Visitation Notice
In the second assignment of error, Guinther asserts that the trial court erred in requiring him to give thirty days written notice prior to exercising his visitation rights. Guinther points out that the attorneys stipulated at trial that the notice would be reduced to fifteen days. Guin-ther further notes that the trial court accepted the stipulation as stated. However, the joint custody implementation plan, which was prepared by Baird’s counsel and made a part of the judgment by the trial *852 court, required Guinther to give thirty days written notice in advance of visiting his children. By incorporating this plan into the judgment, the trial court simply disregarded the stipulation without providing any explanation for its decision.
A stipulation has the effect of binding all parties and the court. Harris v. West Carroll Parish School Board, 23,764 (La.App.2d Cir.08/19/92), 605 So.2d 610, writ denied, 609 So.2d 255 (La.1992); Mathew v. Aetna Casualty and Surety Co., 578 So.2d 242, 245 (La.App. 3d Cir.1991).
In this case, the stipulation agreed to by the parties, which required Guinther to provide only fifteen days notice prior to exercising his right to visit |swith his children, had the effect of binding all of the parties, including the trial court. As such, neither Baird’s counsel nor the trial court had the authority to change the notice requirements since a stipulation had already been reached. We.reverse that portion of the judgment requiring thirty days notice and amend it to require only fifteen days notice as per the parties’ stipulation. Assignment of Error j — Reimbursement and Contempt
In the fourth assignment of error, Guinther contends that the trial court erred in failing to find Baird in contempt of court and to order reimbursement for visitation-related travel costs. The trial court stated that it did have jurisdiction to enforce by contempt the Tennessee decree, but that it would only exercise such authority with respect to acts on the part of Baird that occurred after August 20, 1998, the date on which that judgment became executory in Louisiana. However, the trial court found that the last debt incurred for visitation was in December 1997. In light of its finding that there were no debts incurred subsequent to the date on which the judgment became executory in Louisiana, the trial court declined to find sufficient willful disobedience of the judgment to hold Baird in contempt. The trial court did not set forth the basis for making its determination that the judgment is enforceable only subsequent to the time that it became executory.
In Louisiana, a foreign judgment may be made executory against a judgment debtor either through an ordinary proceeding, with citation and service to the debtor, or through special proceedings provided in the Enforcement of Foreign Judgments Act, which allows notice of the filing of the petition to be given to the debtor by certified mail. La. C.C.P. art. 2541; La. R.S. 13:4241 et seq.; Rouffanche v. D’Spain, 506 So.2d 218 (La.App. 5th Cir.1987). La. R.S. 13:4242 relative to the filing of foreign judgments in Louisiana provides as follows:
19A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an ex parte petition complying with Code of Civil Procedure Article 891 and praying that the judgment be made executory in a court of this state. The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner. (Emphasis supplied).
In this case, the Tennessee decree, a foreign judgment, became executory on August 20, 1998. As such, the Tennessee decree was rendered enforceable to the same extent as if the judgment had actually been rendered here in Louisiana. We do not agree with the trial court’s finding that enforcement of this judgment is limited to debts incurred subsequent to August 20, 1998. Instead, we believe that once the judgment became executory, past-due accumulated debts also became enforceable. Indeed, Louisiana law suggests this finding. La. C.C.P. art. 3945 provides that when payment of support under a judgment is in arrears, the party entitled thereto may proceed by contradictory mo *853 tion to have the amount of past due support determined and made executory.
In Brannan v. Talbott, 31,632 (La.App.2d Cir.02/24/99), 728 So.2d 1023, writ denied, 99-0881 (La.5/07/99), 741 So.2d 23, an action for disavowal of paternity, we held that the trial court had no authority to eliminate any past-due accumulated ar-rearage pursuant to a previous judgment. We also noted that such amounts may be made executory and collectable. See also Freeman v. Freeman, 95-179 (La.App. 5 Cir. 07/25/95), 659 So.2d 826; O’Shea v. O’Shea, 499 So.2d 1236 (La.App. 4 Cir. 1986). Based on the foregoing, we believe that the trial court committed manifest error by finding that the Tennessee decree is only enforceable subsequent to the date on which that judgment became executory.
Guinther argues that the trial court erred by denying his claim for reimbursement for certain visitation-related transportation costs in accordance with the Tennessee decree. In its written reasons for judgment, the trial court noted that l10even if reimbursement would be due, the amount that would be due was not sufficiently proved. In this respect, we agree with the trial court. Guinther failed to offer any evidence accounting for the amounts that would be due under the judgment. Indeed, the only evidence that Guinther offered to account for these transportation costs were his own verbal recitations of the expenditures, unsupported by any documentation whatsoever. As such, Guinther’s request for reimbursement of visitation-related transportation costs is denied based on our finding that he has failed to offer sufficient proof of any amount of reimbursement that would otherwise be due. This assignment of error lacks merit.
CONCLUSION
For the reasons set forth, we reverse the trial court’s judgment awarding an increase in the child support award payable by Brian Guinther, the appellant, and reinstate the former award of $350 per month provided in the Tennessee decree of March 6, 1991. We reverse the portion of the trial court’s judgment requiring Guinther to pay 70% of visitation-related transportation costs and reinstate the 50% sharing of costs as per the Tennessee decree. We also reverse the portion of the trial court’s judgment requiring thirty days written notice for visitation in Ouachita Parish and amend the judgment to include the requirement of fifteen days notice in accordance with the parties’ stipulation at trial. Finally, we affirm that portion of the trial court’s judgment denying Guinther’s claims for reimbursement and request that Baird be found in contempt of the Tennessee decree.
REVERSED IN PART, AMENDED IN PART, and AFFIRMED IN PART.

. La. R.S. 9:315.-13(B) provides:
B. (1) The non-domiciliary party whose child support obligation equals or exceeds fifty percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions if, after a contradictory motion, the judge finds both of the following:
(a) No arrearages are owed by the obligor.
(b) The right to claim the dependency deductions or, in the case of multiple children, a part thereof, would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.