818 So.2d 111 (2001)
James T. LYTAL, III
v.
Mary Lynn LYTAL.
No. 2000 CA 1934.
Court of Appeal of Louisiana, First Circuit.
November 14, 2001.
Writ Denied March 8, 2002.
*112 Mitchell J. Hoffman, New Orleans, for Appellant Plaintiff James T. Lytal, III.
Johnny X. Allemand, Thibodaux, Paul M. Hebert, Jr., Baton Rouge, for Appellee Defendant Mary Lynn Tytal.
Before: FOIL, PETTIGREW and KLINE[1], JJ.
FOIL, Judge.
In this appeal, James T. Lytal, III, challenges the issuance of a preliminary injunction in favor of his ex-wife, Mary Lynn Lytal, in a community property partition proceeding. We affirm.

FACTS AND PROCEDURAL BACKGROUND
James and Mary Lynn Lytal were married in 1960 and divorced by judgment dated August 29, 1997. The community existing between them was terminated retroactive to the filing of the divorce petition, January 16, 1997. The community assets include various ocean-going vessels and certain corporations that own fleets of vessels used in the supply boat business. At issue here is a community-owned corporate entity called Lytal Offshore, Inc., which was created during the marriage. Lytal Offshore is a community asset owned in indivision by the parties, but controlled solely by Mr. Lytal, in whose name 100 percent of the corporation's stock was issued. This company owned a motor vessel named the M/V James T. Lytal, III. The vessel was sold in December, *113 1999 for a net sales price of $440,000. These proceeds form the basis of the instant dispute.
When Mrs. Lytal learned of the sale of the vessel, she requested that Mr. Lytal consent to some type of protective measures with regard to the proceeds. Mr. Lytal refused to take any of these measures, so Mrs. Lytal filed a rule to show cause why a preliminary injunction should not issue in the partition proceeding barring Lytal Offshore from using any of the funds realized from the sale of the vessel.
After a hearing, the trial court issued a preliminary injunction to Mr. Lytal, enjoining him, his agents and officers of Lytal Offshore from disposing of, concealing, alienating or encumbering the net proceeds from the sale of the M/V James T. Lytal, III. This appeal by Mr. Lytal followed.
On appeal, Mr. Lytal urges that the trial court erred in issuing a preliminary injunction in this matter. Specifically, he argues that the funds from the sale of the vessel are not community property. He further asserts that the injunction was issued against persons, e.g., officers of Lytal Offshore and the entity Lytal Offshore, who were not parties to this suit and who were not served with notice or afforded due process. Mr. Lytal also asserts that an injunction is improper in this case because the asset had already been sold and the cash proceeds used by the corporation in the normal course of business. Finally, he claims it was error to issue the preliminary injunction because Mrs. Lytal failed to prove that she would suffer irreparable injury. Alternatively, Mr. Lytal argues that if an injunction was warranted, the court erred in not requiring Mrs. Lytal to post a bond.

DISCUSSION
Under Louisiana law, property of married persons is generally characterized as either community or separate. La. Civ. Code art. 2335. The classification of property as separate or community is fixed at the time of its acquisition. Biondo v. Biondo, 99-0890, pp. 3-4 (La.App. 1 Cir. 7/31/00), 769 So.2d 94, 99. The trial court's findings regarding the nature of the property as community or separate are factual determinations. As such, they are governed by the manifest errorclearly wrong standard of review. Id., 99-0890 at p. 4, 769 So.2d at 99.
In a divorce proceeding, a spouse may obtain an injunction restraining the disposition of community property. La. R.S. 9:371. Either party to an action for divorce may obtain injunctive relief without posting bond. Further, irreparable injury need not be shown. La.Code Civ. P. art. 3944 and comments thereto. Jurisprudence has held that injunctive relief may be allowed as long as the necessity for it continues, regardless of whether it was requested prior to or after the judgment of divorce. Hendrick v. Hendrick, 470 So.2d 449, 457 (La.App. 1st Cir.1985).
In this case, the trial court found that Lytal Offshore, among numerous other corporations, is a community asset. Specifically, the court found that in cases where all of the stock of a corporation is owned solely by the community, the assets of the corporation are community property. The court noted there is no precedent for this conclusion, but it found slender support in the case State Bank & Trust Co. of Golden Meadow v. Boat "D.J. Griffin", 755 F.Supp. 1389 (E.D.La.1991).
In State Bank, several companies were formed and incorporated during the existence of the Griffins' marriage. Citing La. Civ.Code arts. 2336 and 2338, the federal district court stated that the assets of those companies were community property *114 and, as such, the Griffins each owned an undivided one-half interest in the assets of the companies. Id., 755 F.Supp. at 1397. Considering the language of State Bank, it cannot be said that the trial court committed manifest error in holding that the assets of Lytal Offshore are community property.
Based on the testimony presented at the hearing on the injunction, the trial court found that Mr. Lytal had engaged in a "pattern of preparation" for the divorce by taking the corporations belonging to the community and isolating Mrs. Lytal from the management of the family operations. The trial court noted its hesitancy to "enter the internal workings of a corporation" in a community property dispute, but stated it could not "allow the defendant husband to consume the corporate assets to the detriment of the community." The trial court found that Mrs. Lytal demonstrated that Mr. Lytal was "systematically removing funds from the corporate structures." The court stated, "[t]he wife is entitled to half the community assets. Unless the courts have the power to stop the dispersal of funds from corporate structure into the pockets of the husband it would leave the wife powerless in a divorce action." Accordingly, the trial court found Mrs. Lytal was entitled to an injunction prohibiting Mr. Lytal from disposing of the cash assets of the corporation.
The trial court was correct. As stated above, based on the record before us, the trial court was not clearly wrong in concluding that the proceeds from the sale of a motor vessel belonging to Lytal Offshore is community property that may be involved in the partition. The evidence presented at the hearing supports the court's conclusion that Mr. Lytal, pursuant to a "preplanned divorce strategy," was systematically removing funds from the corporate structures. To prevent the further erosion of community assets, we conclude the trial court properly afforded protection to Mrs. Lytal by means of injunctive relief pending a final partition of the former community. Under La. R.S. 9:371 and La.Code Civ. P. art. 3944, a preliminary injunction was properly issued without the need to post a bond or show irreparable injury.
Concerning the issues of notice and due process, there were no notice violations or due process problems. There is strong evidence in the record that Mrs. Lytal pierced the "corporate veil" to reveal that Lytal Offshore is indistinguishable from Mr. Lytal.
The judgment of the trial court issuing a preliminary injunction enjoining Mr. Lytal from disposing of the net proceeds from the sale of the motor vessel M/V James T. Lytal, III, is affirmed. We remand the matter to the trial court for completion of the community property partition. As noted by the trial court, we are aware that the total net proceeds no longer remain in the bank because various corporations continued to operate using the funds as an injection of cash. Any determination as to what portion of the sale proceeds should or should not be replenished is a matter to be determined by the trial court on remand. Costs of this appeal are assessed to appellant.
AFFIRMED; REMANDED.
PETTIGREW, J., concurs and assigns reasons.
KLINE, J., concurs in part and dissents in part with reasons.
PETTIGREW, J., concurring.
I am of the opinion that this court should not rely upon State Bank & Trust Co. of Golden Meadow v. Boat "D.J. Griffin", *115 755 F.Supp. 1389 (E.D.La.1991) for precedent.
A corporation in Louisiana is a juridical person. Louisiana Civil Code article 24 provides as follows: "There are two kinds of persons: natural persons and juridical persons. A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members." Corporations may own assets, sue and be sued. Normally, the assets of the corporation belong to the corporation, not the community of acquets and gains existing between the stockholders of said corporation. The community of acquets and gains owns the stock of the corporation. The value of that stock depends on the assets and liabilities of the corporation.
I concur with the results reached because I agree that because of the self-dealing mismanagement and concentrated plan by Mr. Lytal of bleeding and depleting the assets of the corporation for his benefit to the detriment of Mary Lynn Lytal, that Mrs. Lytal pierced the "corporate veil" to reveal that Lytal Offshore is the alter ego of and indistinguishable from Mr. Lytal.
Since his actions damaged or depleted the value of the stock, a preliminary injunction was properly issued La. R.S. 9:371 and La.Code of Civil Procedure without the need to post bond or show irreparable injury. I therefore concur in the results reached.
KLINE, J., Concurs in part and dissents in part.
I respectfully concur in part and dissent in part of the results, which granted injunctive relief to Mrs. Lytal.
I acknowledge that Lytal Offshore, Inc. is a legal entity formed October 18, 1979 during the community but is solely managed and controlled by Mr. Lytal. All of the corporate shares were issued in his name, however, because of their acquisition during the existence of the community, the shares are appropriately classified as community property.
There is no indication that the corporation formed for ownership of vessels and conduct of supply boat business was a sham or did not function initially to serve community interests by protection from liability, for continuity, and other benefits derived from incorporating a business venture. Lytal Offshore, Inc. is a juridical person.
As a corporate and legal entity it could and did, in fact, own extensive property interests. I cannot agree that where all of the stock of a corporation is owned solely by the community, the assets of the corporation are community property. The shares of stock in the corporation are the community property, not the individual nuts and bolts. To hold otherwise does violence to corporate law and theory.
Nevertheless, Mrs. Lytal has a property right in the shares that can be valued and should be protected. Because the value of her property right has been adversely affected by Mr. Lytal's management of corporate affairs, she has sought to guard and protect her interest by injunctive relief. Corporate shareholder remedies may be more onerous because the corporate shares are all in Mr. Lytal's name, but the fact of possible shareholder remedies does not preclude the exercise of other means or rights to protect community property or co-ownership interests.
Mrs. Lytal has urged and the trial court has found management tantamount to bad faith and fraud during and after termination of the community.
*116 In reasons, the trial court explained, to wit:
The Court finds there has been a pattern of preparation for the divorce by taking the corporations belonging to the community and isolating Mrs. Lytal from management, from the family operations of the family corporation. It shows a definite plan. It is the corporate equivalent of a roughneck's wife cleaning out all the family assets while he's offshore....
The defendant paid himself commissions for selling the vessels that belonged to the community while paying himself handsome salaries from the corporation. He also took from their personal account at Legg, Mason and borrowed the maximum on the account, then loaned the money to the corporation, then paid himself a bonus with at least part of the funds.
The plaintiff demonstrated the defendant is systematically removing funds from the corporate structures. The defendant has created a post-divorce corporation called James [T]. Lytal, III that does all the administrative work for the community corporations and received rental payments from the customers and is now taking its fees and forwarding the balance to the corporations owned by the community. This contract can best be described as self-[d]ealing.
It is obvious that the salaries and the loans from the Legg, Mason account are part of a preplanned divorce strategy.
There is an obvious difference in bad management and bad faith.
In regard to management during the existence of the community, the Civil Code, Management of Community Property provisions, include the following:
Art. 2354. Liability for fraud or bad faith
A spouse is liable for any loss or damage caused by fraud or bad faith in the management of the community property.
In regard to management after the termination of the community, the following are Civil Code provisions regarding certain duties owed by virtue of co-ownership:
Art. 2369.1. Application of co-ownership provisions
After termination of the community property regime, the provisions governing co-ownership apply to former community property, unless otherwise provided by law or by juridical act.
When the community property regime terminates for a cause other than death or judgment of declaration of death of a spouse, the following Articles also apply to former community property until a partition, or the death or judgment of declaration of death of a spouse.
Art. 2369.3. Duty to preserve; standard of care
A spouse has a duty to preserve and to manage prudently former community property under his control, including a former community enterprise, in a manner consistent with the mode of use of that property immediately prior to termination of the community regime. He is answerable for any damage caused by his fault, default, or neglect.
A community enterprise is a business that is not a legal entity.[1]
The provision of Civil Code Article 799 relative to liability of a co-owner provides as follows:

*117 Art. 799. Liability of a co-owner
A co-owner is liable to his co-owner for any damage to the thing held in indivision caused by his fault.
In this case, the trial court granted an injunction prohibiting Mr. Lytal from disposing of some of the cash assets of the corporation from the sale of a vessel. This relates to a specific management decision, not overly broad, and directly related to the duty owed Mrs. Lytal by Mr. Lytal. It should be limited, however to disposal of the remaining $187,000.00.
To reiterate, I concur with the opinion that Mrs. Lytal cannot be made powerless to protect her property interest although the assets are those of a corporate entity.
Under circumstances of this cause in community property proceedings where (1) the husband has 100% control and management of corporate assets, (2) the wife has a property right because of community interest in the shares of the corporation although the shares are in the husband's name, and (3) there is a predicate finding of management bad faith by the trial court, then the wife should have injunctive relief without bond to prohibit specific management decisions to alienate, dispose, or encumber assets of the corporation to the detriment of the value of her shares.
There are ample precedents for enjoining or prohibiting actions. The purpose of injunctive relief is to prevent specifically threatened future conduct, not to undo or remedy past conduct. This should be permitted in the interest of justice.
Additionally, in consideration of the premise that it is the value of corporate shares that must be determined in this community property partition as opposed to the value of the particular assets owned by the corporation, and in further acknowledgment that the shares must be valued at the date of trial in accordance with La R.S. 9:2801, then Mrs. Lytal cannot be left without a remedy for those acts in bad faith that have already been accomplished and are not subject to injunctive relief because of third parties rights or impracticality of recovery.
If, and only if specific identifiable past acts can be or have been proven to be in bad faith as opposed to those acts merely of bad management or those of reasonable business practice, then the values of these acts of alienation, encumbrance or concealment should be fictionally brought back into the corporate entity for a fair valuation of the shares at the time of the trial of the petition for partition of community property, in much the same way as the fictional collation of succession property.
In essence, there are legal and equitable remedies available without holding that the corporate assets are community assets as opposed to classification of the shares as community. See La. C.C.P. art. 2164. See also Terry v. Terry, 565 So.2d 997 (La. App. 1st Cir.1990); Queenan v. Queenan, 492 So.2d 902 (La.App. 3rd Cir.), writ denied, 496 So.2d 1045 (La.1986).
In summary, I respectfully dissent from the holding that the corporate assets themselves are community property. The corporate shares are that which constitute community property.
I would concur that Mrs. Lytal has legal and equitable remedies for the preservation, and for the fair evaluation of her community property under "duty" provisions owed to her by Mr. Lytal.
NOTES
[1] Judge William F. Kline, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court
[1] The definition of "community enterprise" does not limit the duty of prudent management of former community property under a spouse's control albeit the property consists of share in a corporation.