GAIDRY, J.
 

 |2A divorced husband appeals a judgment granting a preliminary injunction requested by his former wife pursuant to La. R.S. 9:371 and denying his motion to subpoena opposing counsel to testify at the hearing. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Raymond C. Burkart, Jr. and Sherie Burkart were married in 1993. On July 10, 2009, Ms. Burkart filed a petition for divorce, in which she also sought child support and interim spousal support. In her petition, verified by her affidavit, she also requested the issuance of a temporary
 
 *534
 
 restraining order prohibiting Mr. Burkart from alienating, encumbering, or otherwise disposing of or concealing any items of community property, as well as the issuance of an order requiring him to file a detailed descriptive list of all community property. Among the community assets described were certain “bank accounts,” as well as “Smith Barney accounts.” A temporary restraining order was issued as prayed for on July 10, 2009, and a hearing on the request for a preliminary injunction and other matters was scheduled for September 21, 2009.
 

 A hearing officer conference was scheduled in the interim, pursuant to local rules. As the result of that conference, the parties stipulated to the lifting of the restraining order as to certain of Mr. Bur-kart’s law office accounts and the dismissal of a separate restraining order against harassment by Mr. Burkart. The recommendation by the hearing officer, however, erroneously recommended the dismissal of “injunctive relief,” without further description or reservation, “without prejudice.”
 

 On September 21, 2009, the trial court signed a judgment designating the recommendations of the hearing officer as temporary orders and also | ^rendered a separate judgment of separation of property, terminating the community property regime retroactive to the date of filing of the petition for divorce.
 

 On December 2, 2009, Ms. Burkart filed a motion for allocation of community assets, requesting that the trial court allocate a financial account from which certain community liabilities or debts should be paid, pursuant to La. R.S. 9:374(E).
 

 On March 22, 2010, Ms. Burkart filed a verified motion for a new or reissued temporary restraining order and a preliminary injunction prohibiting Mr. Burkart from withdrawing, alienating, or otherwise disposing of any items of community property, including the legal fee deposited in the registry of the court, and for subsequent allocation of that legal fee pursuant to La. R.S. 9:374(E). The motion explained that the hearing officer’s recommendation of September 9, 2009, incorrectly purported to recommend dissolution of all temporary restraining orders, rather than only the order prohibiting harassment. The following allegation was also made in the motion:
 

 On March 17, [2010],
 
 [1]
 
 Undersigned Counsel received a call from a representative at Smith Barney Investments indicating that Mr. Burkart was attempting to withdraw funds which were enjoined. The representative indicated that Mr. Burkart had faxed over the Hearing Officer Recommendations and indicated there was no injunction.
 

 The trial court accordingly issued another temporary restraining order and initially set a hearing on June 14, 2010, for the request for the preliminary injunction.
 

 On April 19, 2010, Mr. Burkart filed a peremptory exception of
 
 res judicata
 
 in response to Ms. Burkart’s motion for a renewed or reissued [ ^preliminary injunction. The exception was overruled by judgment signed on June 14, 2010.
 

 On May 21, 2010, Mr. Burkart filed a motion for a subpoena to compel the testimony of Ms. Burkart’s attorney, pursuant to La. C.E. art. 508, relating to the communication from the Smith Barney representative described in her motion for the preliminary injunction. The parties also filed a number of other motions and excep
 
 *535
 
 tions. On June 21, 2010, the parties jointly moved to continue the hearing on the motion for the preliminary injunction and the other pending motions and exceptions.
 

 A judgment of divorce pursuant to La. C.C. art. 102 was signed on August 16,-2010.
 

 The hearing on Ms. Burkart’s motion for the preliminary injunction, Mr. Burkart’s motion for the subpoena to opposing counsel, and other matters was held on August 16, 2010. The trial court ruled that the original temporary restraining order issued on July 10, 2009, had never been dismissed by the judgment of September 21, 2009, and converted the order to a preliminary injunction. The trial court also ruled that the testimony of Ms. Bur-kart’s counsel would not be compelled by subpoena, and permitted Mr. Burkart to make an offer of proof in that regard and with regard to the testimony of John La-bouisse, a vice-president of wealth management employed by Smith Barney.
 

 The trial court’s judgment on the motions and other matters was signed on September 8, 2010. This appeal followed.
 

 ASSIGNMENTS OF ERROR
 

 We summarize Mr. Burkart’s assignments of error as follows:
 

 (1) The trial court committed legal error in granting a preliminary injunction against Mr. Burkart without any evidence or testimony at a | ^contradictory evidentia-ry hearing under La. C.C.P. art. 3609, thereby denying Mr. Burkart due process.
 

 (2) The trial court committed legal error in denying Mr. Burkart an evidentiary hearing on his motion for a contradictory hearing under La. C.E. art. 508.
 

 DISCUSSION
 

 The issuance of injunctive relief is limited to “cases where irreparable injury, loss, or damage may otherwise result to the applicant,
 
 or in other cases specifically provided by law.”
 
 (Emphasis added.) La. C.C.P. art. 3601. Louisiana Code of Civil Procedure article 3610 provides that “[a] temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court,
 
 except where security is dispensed with by law.”
 
 (Emphasis added.)
 

 Louisiana Code of Civil Procedure article 3944 authorizes either party to a divorce action to obtain injunctive relief under La. R.S. 9:371,
 
 et seq.,
 
 without bond. Louisiana Revised Statutes 9:371 provides that “[i]n a proceeding for divorce, a spouse may obtain an injunction restraining or prohibiting the disposition or encumbrance of community property until further order of the court.”
 

 In
 
 Fuori v. Fuori,
 
 334 So.2d 488, 493 (La.App. 1st Cir.1976), this court implied that under former La. C.C. art. 149 and the prior version of La. C.C.P. art. 3944, either spouse is “entitled to an injunction as a matter of right” prohibiting the other spouse from disposing of community property.
 
 [2]
 
 |fiWe held, however, that even as
 
 *536
 
 suming that such was not the case, the evidence presented supported a finding of possible irreparable injury, warranting in-junctive relief under the general standard ofLa. C.C.P. art. 3601.
 
 Id.
 

 In the later case of
 
 Davis v. Davis,
 
 420 So.2d 432, 435 (La.1982), the Louisiana Supreme Court interpreted former La. C.C. art. 149 as authorizing injunctive relief until either an inventory or partition of community property had been completed. The court observed that “the necessity for injunctive protection contemplated by Article 149” is based upon the lack of a partition of the community property, and that such protection should continue until otherwise ordered by the court or “the necessity abates
 
 because the community property has been inventoried and/or partitioned.” Id.
 
 at 435. (Emphasis added.) Without imposing any other requirement such as irreparable injury, the court simply held that “[a] party to a divorce ... is entitled to injunctive relief to protect his or her share of the community property until the property is inventoried and/or partitioned.”
 
 Id.
 

 [3]
 

 In
 
 Hendrick v. Hendrick,
 
 470 So.2d 449, 456-57 (La.App. 1st Cir.1985), interpreting the prior version of La. C.C.P. art. 3944, we similarly held that it was unnecessary for a party seeking an injunction under its terms 17to post bond or make a showing of irreparable harm. We also concluded that “[La. C.C.P.] art. 3944 contemplates allowing injunctive relief as long as the necessity for it continues” and that there was “a continuing necessity for injunctive relief’ in that case, as “the former community between the parties had apparently been neither inventoried nor partitioned.”
 
 Id.
 
 at 457.
 

 Despite the foregoing opinions, there seems to remain some ongoing uncertainty as to the necessity for proving the risk of irreparable injury as a predicate to obtaining injunctive relief under La. R.S. 9:371. One commentator has tentatively concluded, citing
 
 Hendrick,
 
 that “[t]he in-junctive relief ... is afforded without the necessity of bond and
 
 arguably
 
 without the necessity of proving irreparable harm.” 16 Katherine S. Spaht & Richard D. Moreno Louisiana Civil Law Treatise: Matrimonial Regimes § 7.4 (3rd ed.2007). (Emphasis added.)
 

 During the course of argument at the hearing at issue, counsel for Mr. Burkai’t essentially conceded that a party seeking injunctive relief under La. R.S. 9:371 pending partition of community property under La. R.S. 9:2801 does not bear the burden to prove irreparable harm. However, she urged that a factual basis for the necessity of the injunctive relief must be pleaded and that evidence was required to support the issuance of such relief. In its oral reasons for its decision finding the temporary restraining order to be maintained and to grant the preliminary-injunction, the trial court observed that injunctive relief under La. R.S. 9:371 is typically “granted as a matter of course” and “is [not] unusual in a community property
 
 *537
 
 partition proceeding.” Based upon that conclusion, the trial court also ruled that the testimony of Ms. Burkart’s counsel would not be required and denied Mr. Burkart’s motion to subpoena opposing counsel.
 

 |sMr. Burkart cites the case
 
 of Lytal v. Lytal,
 
 00-1934 (La.App. 1st Cir.11/14/01), 818 So.2d 111,
 
 writ denied,
 
 01-3272 (La.3/8/02), 810 So.2d 1164, in which the trial court held an evidentiary hearing at which testimony was taken before issuing an injunction to the husband, enjoining him, his agents, and corporate officers of a community-owned corporation from disposing of or concealing the net proceeds from the sale of an offshore supply boat. Mr. Burkart contends that
 
 Lytal
 
 stands for the proposition that an evidentiary hearing to establish the potentiality of irreparable injury is invariably required before a preliminary injunction is issued pursuant to La. R.S. 9:371, unless the parties consent to issuance of such injunctive relief. We disagree. A careful examination of that case’s facts does not support that contention.
 

 In
 
 Lytal,
 
 all of the stock of a community-owned corporation was issued in the husband’s name. Evidence was required during the hearing in
 
 Lytal
 
 to establish that the husband was systematically disposing of the assets of the close corporation and removing funds from the corporate structure for his personal benefit, to the detriment of the wife’s interest in the corporate stock value or net worth.
 
 [4]
 
 The evidence was necessary
 
 not
 
 for the primary purpose of establishing irreparable injury, but rather to establish the character of the corporate assets as community property in the husband’s effective control, rather than as corporate property, on the grounds that the corporation was the
 
 alter ego
 
 of the husband, its sole stockholder, and to justify extending the scope of the injunction to the corporate agents and officers. This court concluded that once it was established that the corporate ^assets and the funds resulting from their sale were community property, “a preliminary injunction was properly issued
 
 without the need to post a bond or show irreparable injury”
 
 under La. R.S. 9:371.
 
 Id.,
 
 00-1934 at pp. 3-5, 818 So.2d at 113-14. (Emphasis added.)
 

 We conclude that La. R.S. 9:371 addresses one of the “other cases specifically provided by law” in which injunctive relief is available without a showing of the potential for irreparable injury.
 
 See
 
 La. C.C.P. art. 3601(A).
 
 [5]
 
 The only necessary showing required for issuance of an injunction under La. R.S. 9:371 is that the community property has not been partitioned and is therefore subject to possible alienation or disposal by one or both parties. The record of this action, including the parties’ pleadings, admissions, and relief sought, indisputably established that the community had not been partitioned at the time of the hearing.
 

 As to Mr. Burkart’s claim of denial of due process, our state may determine the process by which legal rights are asserted and enforced so long as a party receives due notice and an opportunity to be heard.
 
 Lott v. State ex rel. Dep’t of Public Safety & Corr.,
 
 98-1920, p. 7
 
 *538
 
 (La.5/18/99), 734 So.2d 617, 621. No one, however, has a vested right in any given mode of procedure.
 
 Id.
 
 The determination of what procedural safeguards are required for due process depends on the nature of the proceeding and the nature of the right or interest affected.
 
 Paschal v. Hazlinsky,
 
 35,513, p. 6 (La.App. 2nd Cir.12/19/01), 803 So.2d 413, 418.
 

 The record establishes that Mr. Burkart was given proper notice of the scheduled hearing, which was in fact a contradictory hearing on a rule to show cause, and that he was not deprived of an opportunity to be heard on |10the issues actually relevant to the requested injunctive relief under La. R.S. 9:371.
 
 See, e.g., Crais v. Crais,
 
 98-1477, pp. 6-8 (La.App. 4th Cir.1/13/99), 737 So.2d 785, 789,
 
 writ denied,
 
 99-0763 (La.5/14/99), 741 So.2d 668. The mere fact that the trial court ruled that injunctive relief was warranted based upon the unapportioned status of the community property and declined to consider his evidence relating to what was determined to be an essentially irrelevant point does not amount to a denial of due process under the circumstances.
 
 [6]
 
 Mr. Burkart’s first assignment of error has no merit.
 

 Motion for Subpoena to Opposing Counsel
 

 Louisiana Code of Evidence article 508 strictly limits the issuance of subpoenas or other court orders seeking to compel the testimony of an attorney relating to information obtained in the course of representing a client. In general, such a subpoena or order may not issue unless it is determined at a contradictory hearing that: (1) the information is non-privileged and does not amount to attorney work product; (2) the information is “essential” to the case of the opposing party and “not merely peripheral, cumulative, or speculative;” (3) the purpose is not to harass the attorney or his client; and (4) there is no practicable alternative means to obtain the information sought.
 
 See
 
 La. C.E. art. 508(A).
 

 An attorney-client privilege may be waived if a party injects into litigation an issue that requires testimony from his attorney.
 
 See Bank One, N.A. v. Payton,
 
 07-0139, pp. 11-12 (La.App. 4th Cir.9/26/07), 968 So.2d 202, 209, citing
 
 Thornton v. Syracuse Sav. Bank,
 
 961 F.2d 1042, 1046 (2nd Cir.1992). Mr. Burkart contends that by including the allegation relating to the purported communication from a Smith Barney representative to her counsel in her motion for a preliminary injunction, Ms. Burkart waived any privilege and placed the communication at issue for purposes of the hearing. We conclude, as did the trial court, that the actual issue presented for determination by the trial court did not require testimony from Ms. Burkart’s attorney.
 

 Because irreparable injury was not a requisite element of the injunctive relief granted and the testimony of Ms. Bur-kart’s attorney was therefore not relevant nor required to establish the potential for irreparable injury relating the Smith Barney account, the proposed subpoena would have served no relevant purpose. For the same reasons, the proffered testimony of Mr. Labouisse, the Smith Barney vice-
 
 *539
 
 president, offered to challenge the veracity of the allegations and expected testimony of Ms. Burkart’s attorney on an ultimately irrelevant matter, was likewise irrelevant to the determination of the issue presented. Mr. Burkart’s motion was therefore correctly denied by the trial court. Mr. Burkart’s second assignment of error has no merit.
 

 The judgment of the trial court is affirmed. All costs of this appeal are assessed to the appellant, Raymond C. Bur-kart, Jr.
 

 AFFIRMED.
 

 [1]
 

 . Although the motion recited the date as "March 17, 2009,” that was an obvious typographical error, as the original temporary restraining order was not issued until July 10, 2009, with the first hearing officer conference shortly thereafter.
 

 [2]
 

 . Former Louisiana Civil Code article 149, until its repeal, provided:
 

 During the suit for separation, a spouse may, for the preservation of his rights, require an inventory and appraisement to be made of the community property and obtain an injunction restraining the disposition of the whole of the community or of specified things of the community property.
 

 Acts 1990, No. 1009, § 7, effective January 1, 1991 revised the Civil Code articles dealing with separation from bed and board and divorce, eliminating the action for separation from bed and board and providing only for an action for divorce. The act also repealed La. C.C. art. 149 and in its place added La. R.S. 9:371. Section 4 of the act changed the lan
 
 *536
 
 guage of La. C.C.P. art. 3944, which formerly read as follows:
 

 Either party to an action for separation from bed and board or divorce may obtain injunctive relief without bond prohibiting the other party from disposing of or encumbering community property.
 

 [3]
 

 . In a concurring opinion, however, Justice Lemmon interpreted former La. C.C. art. 149 as requiring "a showing that an injunction is necessary for protection of the spouse’s community property rights (which arguably is a showing of irreparable injury).” He also expressed the view that such "necessity must be proved if tire injunction is contested,” and that if its issuance was so contested, the injunction could not be issued "as a matter of form on simple request.”
 
 Davis,
 
 420 So.2d at 436 n. 1 (Lemmon, J., concurring).
 

 [4]
 

 . In that regard,
 
 see
 
 La. C.C. art. 2350, providing that the spouse who is the sole manager of a community enterprise has the exclusive right to alienate or encumber its movables, and La. C.C. art. 2351, providing a similar rule relating to movables legally registered in one spouse’s name, such as shares of stock.
 

 [5]
 

 . The injunction afforded by La. R.S. 9:371 has aptly been characterized by a commentator as
 
 “extraordinary
 
 injunctive relief.” Spaht & Moreno,
 
 supra.
 
 (Emphasis added.)
 

 [6]
 

 . Although Mr. Burkart made an offer of proof of the testimony of Mr. Labouisse, the Smith Barney vice-president, he made no formal offer of proof of the testimony of Ms. Burkart's counsel, either through actual testimony or through a "statement setting forth the nature of the evidence.”
 
 See
 
 La. C.C.P. art. 1636 and La. C.E. art. 103. However, we note that the general nature of her expected testimony is evident from the content of her motion, Mr. Burkart’s motion, the supporting memoranda, and the argument of counsel at the hearing.